**K&L GATES**

September 10, 2024

Ronie M. Schmelz
Partner
Ronie.Schmelz@klgates.com

T +1 310 552 5002
F +1 310 552 5001

<u>VIA ECF</u>

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St., Room 1960
New York, NY 10007

**Re:** *Revlon Consumer Products LLC et al. v. Give Back Beauty S.A. et al.,*
**Case No. 1:24-cv-6438 – Request for Extension of Time to Respond to Complaint**

Dear Judge Lehrburger:

  I write on behalf of Give Back Beauty S.A., Give Back Beauty, LLC, Give Back Beauty Americas, LLC, Give Back Beauty International LLC, and Give Back Beauty Holding Ltd., (collectively, the "GBB Defendants") and four individuals, Vanessa Kidd, Dominick Romeo, Reid Mulvihill, and Ashley Fass, (collectively, the "Individual Defendants," who together with the GBB Entities are referred to as the "Defendants") in the above-referenced action filed by Revlon Consumer Products LLC ("Revlon") and Elizabeth Arden, Inc. ("Elizabeth Arden," collectively, the "Plaintiffs"). Specifically, in accordance with Individual Rule 1(E), we respectfully request a 30-day extension to respond to Plaintiffs' Complaint for the reasons described below. This is Defendants' first request for an extension.

  Plaintiffs filed their Complaint on August 26, 2024 alleging trade secret misappropriation, breach of fiduciary duty, and tortious interference against the GBB Defendants and the Individual Defendants. Plaintiffs also allege separate breach of contract claims against the Individual Defendants. All of Plaintiffs' claims relate to a license to market a line of fragrances owned by Britney Brands, Inc. ("Britney Brands").

  Undersigned counsel has worked diligently and expeditiously to analyze the claims asserted against Defendants and gather as much information as possible regarding the allegations in the Complaint in order to respond. However, Plaintiff's Complaint (at 36 pages) is highly fact-intensive and involves numerous parties and potential material witnesses. The Complaint names nine separate Defendants, including a GBB entity located in Switzerland. In

addition, one of the Individual Defendants (at the center of Plaintiffs' allegations) has been out of the country on vacation since the Complaint was filed, while another was not served with a copy of the Complaint until September 5, 2024. As a result, Defendants require additional time to undertake the necessary fact-gathering to allow them to respond substantively to the myriad allegations set forth in the Complaint.

Undersigned counsel for Defendants spoke with Plaintiffs' counsel via telephone on September 3 and September 5, 2024 to discuss these concerns and request that Plaintiffs grant Defendants an extension of time to respond to the Complaint. Unfortunately, Plaintiffs have refused to grant the courtesy of an extension unless Defendants agree in advance to certain conditions, including expedited discovery and forensic examination, and that the GBB Defendants agree to stop communicating with certain third parties critical to effectuating the GBB contract with Britney Brands. The GBB Defendants are unable to meet Plaintiffs' demands, including because expedited discovery and ceasing such communications would severely undermine their ability to meet their existing contractual obligations to Britney Brands.

Despite the parties' attempts to resolve this routine request for an extension, Plaintiffs continue to insist on inappropriate concessions from Defendants, many of which touch on the very issues and relief requested by Plaintiffs through their Complaint.

Given the multitude of response deadlines based on each Defendant's respective date of service[1], and in light of the concerns noted above, Defendants respectfully request that the Court grant each Defendant an additional 30 days, measured from the date the first Defendant was served (August 28), which would give all Defendants until on or before October 18, 2024 to respond.

Respectfully submitted,

 */s/ Ronie M. Schmelz*

Ronie M. Schmelz
Partner

---

[1] Defendants do not intend to waive, but instead expressly reserve, the right to challenge the sufficiency of service at the appropriate time.