Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

September 13, 2024

**Via ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Revlon Consumer Products LLC, et al. v Give Back Beauty S.A., et al.,*
Case No. 1:24-cv-06438-ER-RWL

Dear Judge Ramos:

We represent Plaintiffs Revlon Consumer Products LLC ("Revlon") and Elizabeth Arden, Inc. ("Elizabeth Arden") in this action alleging, *inter alia*, Defendants' misappropriation of Plaintiffs' trade secrets. Plaintiffs submit this letter motion in accordance with Fed. R. Civ. P. 5.2 and Your Honor's Individual Rule 3.2, requesting permission to file under seal limited information within Plaintiffs' Memorandum of Law in Support of its Motion for a Preliminary Injunction and Declaration of Will Cornock, as well as certain exhibits to the Declarations of Mr. Cornock, Marni Shepard, and J. Christopher Racich.

The memorandum of law and the declarations refer to, discuss and attach highly sensitive and confidential information concerning Revlon's exclusive licensing agreement with Britney Brands and its agreement with a fragrance house, as well as detailed confidential financial and other information about Plaintiff's fragrance business. Much of the information sought to be filed under seal are the trade secrets that are the subject of Plaintiffs' Complaint and accompanying motion for a preliminary injunction, including but not limited to confidential contracts, financial constructs and models, manufacturing resources, packaging vendors, marketing plans, and distribution plans. This information forms a vital part of Plaintiffs' fragrance business and is closely-guarded by Plaintiffs. There is no legitimate public interest in the disclosure of this proprietary business information, whereas public disclosure would seriously hurt Plaintiffs' competitive standing. This proprietary business information at issue here warrants sealing. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (recognizing the propriety of sealing "trade secrets and material that would place a party at a competitive disadvantage").

Hon. Edgardo Ramos
September 13, 2024
Page 2

    Pursuant to Your Honor's Individual Rule 2.A.ii, Plaintiffs are filing this letter motion to seal without first seeking a conference in order to protect at the outset the sensitive information contained in Plaintiffs' motions for a preliminary injunction and for expedited discovery; a delay in filing this motion might result in the improper disclosure and use of the very trade secrets and other proprietary information that is at the heart of this action.

    For these reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' letter motion and allow the materials being filed under seal to remain under seal.

    We thank the Court for its consideration of this request.

                                         Respectfully submitted,

                                         *s/ Elyse D. Echtman*
                                         Elyse D. Echtman

                                         *Counsel for Plaintiffs*