UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.

          Plaintiffs,

-against-

GIVE BACK BEAUTY S.A., et al.,

          Defendants.

Case No. 1:24-cv-06438-ER-RWL

## DECLARATION OF MICHAEL DOCKTERMAN

I, Michael Dockterman, hereby declare as follows:

1. I am a Partner in the Chicago, IL office of Steptoe LLP, and counsel for the Plaintiffs herein. I am admitted in this action *pro hac vice* and have been counsel to Plaintiffs in this matter since its inception. I have personal knowledge of the matters set forth herein based on my involvement in Plaintiffs' representation and my review of files relevant to that representation.

2. Following Revlon's retention of Steptoe, Steptoe hired a computer forensic expert, Vestigant LLC, to perform analyses of the Revlon laptops that had been used by Defendants Vanessa Kidd, Ashley Fass, Dominick Romeo and Reid Mulvihill. We received the results of those analyses in August 2024. The relevant results of the forensic investigation are detailed more fully in the Declaration of J. Christopher Racich.

3. Attached hereto as Exhibit A is a copy of Defendant Reid Mulvihill's LinkedIn profile. Mulvihill's profile shows that he is employed by one or more of the entity Defendants—Give Back Beauty S.A., Give Back Beauty, LLC, Give Back Beauty Americas LLC, Give Back

1

Beauty International LLC, Give Back Beauty Holding LTD. (collectively, "GBB")—as a Vice President – Global Marketing – Fragrance.

4. Attached hereto as Exhibit B are records from the State of Delaware's Department of State: Division of Corporations website. These website records indicate that Give Back Beauty Americas LLC was formed in 2022, and that Give Back Beauty International LLC and Give Back Beauty LLC were formed in 2021.

5. Upon information and belief, the GBB Defendants are owned and controlled by an individual named Corrado Brondi ("Brondi"), an Italian citizen who claims to be the Founder and controlling shareholder of Give Back Beauty Group. A copy of Give Back Beauty's January 11, 2024, press release containing the foregoing information is attached hereto as Exhibit C.

6. Attached hereto as Exhibit D is a copy of Brondi's LinkedIn profile. That profile shows that he was formerly employed by Bain & Company and Goldman Sachs. On information and belief, Brondi also previously engaged in business with Revlon in Europe.

7. In the course of our representation, Revlon provided our firm with Fass's Microsoft Outlook data, which we loaded onto a Relativity e-discovery platform. Our legal team located a document within Fass's Outlook data reflecting a meeting between Fass and Jordi Agusti of GBB that lasted for 45 minutes on April 22, 2024. A copy of that document is attached hereto as Exhibit E.

8. Attached hereto as Exhibit F is a copy of Plaintiff's Memorandum of Law in Support of its Motion for Preliminary Injunction, *Daka Research, Inc. v. Uiliko Storefront*, 1:22-cv-02957-ER, ECF No. 20 (S.D.N.Y. May 4, 2022), downloaded from Pacer.

9.  Attached hereto as Exhibit G is a copy of this Court's Order Granting Plaintiff's Motion for Preliminary Injunction, *Daka Research, Inc. v. Uiliko Storefront*, 1:22-cv-02957-ER, ECF No. 24 (S.D.N.Y. May 18, 2022), downloaded from Pacer.

10. Prior to filing this motion, I engaged in multiple meet-and-confer discussions with counsel at K&L Gates who represent the Defendants. Those discussions took place on September 3, 5, and 10, 2024. During these communications, I requested that Defendants (i) immediately return Plaintiffs' confidential information and agree to engage in expedited discovery to identify the full universe of stolen confidential information; (ii) agree not to use Plaintiffs' confidential information in connection with GBB's business, including by "walling-off" Defendants Kidd, Fass, Romeo and Mulvihill from GBB's work for Britney Brands, Inc.; and (iii) cease demanding Plaintiffs' confidential information from Plaintiffs' fragrance houses. Defendants counsel orally represented that the individual Defendants had been walled off from Britney Brands, but they declined to commit that the individuals would remain walled off and declined to confirm that they had not worked on Britney Brands business before this suit was filed. Defendants' counsel promised to provide Plaintiffs with a specific written proposal in response to these requests. To date, no such written proposal has been provided.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:  September 13, 2024

*/s/ Michael Dockterman*
Michael Dockterman

3