# Dockterman Decl. Exhibit F

Case 1:22-cv-02957-ER   Document 296   Filed 05/14/24   Page 2 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAKA RESEARCH INC., <br><br> **Plaintiff,** <br><br> v. <br><br> UILIKO Storefront, <br><br> **Defendant.** | Civil Action No: 22-cv-02957 <br><br> Honorable Judge Edgardo Ramos <br><br> Honorable Magistrate Judge Debra C. Freeman |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, Daka Research Inc. ("Plaintiff" or "Daka") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction against Defendant, UILIKO Storefront ("UILIKO" or "Defendant").

## I.   INTRODUCTION

Plaintiff is the assignee of several U.S. patents of electric can opener -- U.S. Patent No. 7,437,825 Patent ("the '825' Patent"), 77,574,808 Patent ("the '808' Patent"), and 596,874 Patent ("the '874' Patent") (collectively, "Asserted Patents") (Dkt. No. 7-2, 7-3, 7-4).

Defendant is a Chinese individual or entity that conduct business in the U.S. through online storefronts. Without Plaintiff's authorization, Defendant is knowingly and intentionally making, using, offering for sale, selling and/or importing the infringing or counterfeit products ("Infringing products," *see* Dkt. No. 7-1) that infringe the Asserted Patents into the United States, including New York, through its online storefront. *See* Decl of Tang, ¶12.

Defendant's infringing products are inferior in quality and potentially dangerous to consumers. *Id*. at ¶21. Defendant's unlawful action have deprived and continue to deprive Plaintiff of its exclusive rights to use and control the Plaintiff's Asserted Patents. Aside from financial losses, Defendant's infringing actions have caused, and will continue to cause, irreparable harm to Plaintiff's goodwill and

1

reputation. *Id*. at ¶¶18-24. A preliminary injunction is warranted to stop Defendant from continuously infringing Plaintiff's patent rights.

Furthermore, upon information and belief, Defendant maintains off-shore bank accounts and regularly move funds from its U.S. based financial accounts to off-shore bank accounts to avoid payment of any monetary judgments. *Id*. at ¶ 20. To preserve that disgorgement remedy, Plaintiff also seeks an order restraining Defendant's assets, including specifically, transmitting fund from its U.S. based financial accounts to its off-shore bank accounts.

## II.  ARGUMENT

In order to obtain a preliminary injunction, a plaintiff must show "(1) a 'clear or substantial' likelihood of success on the merits; (2) make a "strong showing" of irreparable harm; (3) show that the balance of equities tips in Plaintiffs' favor and (4) show that a preliminary injunction is in the public interest." *A.H. by & through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021).

A preliminary injunction is warranted in this case. Elaborated below, Plaintiff has demonstrated each requirement that supports entry of a preliminary injunction.

### A.  **<u>Plaintiff has a clear likelihood of success on the merits</u>**

"The patentee seeking a preliminary injunction must show it is more likely than not that it will prove infringement and withstand any challenges to the validity of the patent." *Tinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202 (Fed. Cir. 2017).

Here, Plaintiffs is the rightful owner of the Asserted Patents. *See* Decl of Tang, ¶2. There has been no challenge to the validity of the Asserted Patents. *Id.*

Furthermore, supported by Tang's declaration, a comparison between the infringing products and the Asserted Patents shows that the infringing products have all the components that fall within the claims of the Asserted Patents. The mechanism of how the infringing products function is the same as the Asserted Patents. *Id*. at ¶14-17. Specifically, "the cutter wheel is provided with a circular

2

cutting knife, when the cutter wheel rotates around its axis, the cutting knife is brought closer to the drive wheel to form a nip and cut through a can." *Id*. at ¶17. In addition, "the infringing products have means for providing intermittent drive between the drive wheel and the cutter wheel when the cutting knife is in the cutting position to maintain the nip and cut through the can." *Id*.

Therefore, Plaintiff has a clear likelihood of success on the merits.

**B. Plaintiff has suffered and will continue to suffer from irreparable harm without a preliminary injunction**

To establish irreparable harm, a plaintiff must "articulate and adduce proof of actual or imminent harm which cannot otherwise be compensated by money damages" and may not rest on unsupported allegations that such harm is likely to occur." *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1349-50 (Fed. Cir. 2020).

Here, not only does Plaintiff stand to suffer lost profits and market share (reduced by 50%) as a result of Defendant' infringing activities, but Defendant's infringing products with inferior qualities have also damaged the value of the Asserted Patents, and impaired Plaintiff's business reputations and goodwill. *Id*. at ¶¶10, 21-23. While Plaintiff's loss of market share and profit are measurable, the damaged to Plaintiff's business reputations, future business, and the ability to attract potential licensees and consumers cannot be quantified. *Id*.

Furthermore, Defendant maintains off-shore bank accounts and regularly move funds from its U.S. based financial accounts to off-shore bank accounts. *Id*. at ¶20. Because Defendant is an individual or business that resides in China with no U.S. presence, any monetary judgement against Defendant is likely uncollectable. *See Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd*., 166 F.Supp.3d 1177, 1178-79 (D. Nev. 2016) ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against Bestwinn").

Therefore, Plaintiff will continue to suffer immediate and irreparable harm without an injunctive relief against Defendant.

C.  **Balance of hardships overwhelmingly favors of Plaintiff**

In balancing of hardships, "courts must weigh the harm to the movant if the injunction is not granted against the harm to the non-moving party if the injunction is granted. *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68 (2d Cir. 1999); *accord In re Tronox Inc.*, No. 14 Civ. 5495, 2014 U.S. Dist. LEXIS 158767, 2014 WL 5825308, at *9 (S.D.N.Y. Nov. 10, 2014).

Here, as described above, Plaintiff has suffered, and will continue to suffer, irreparable harm to its business, the value of the Asserted Patents, and Plaintiff's goodwill and reputation without an injunction against Defendant.

On the other hand, an injunction against Defendant is justified because Defendant elected to build its business on infringing activities. *See Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 196 (S.D.N.Y. 2016) ("to the extent defendants 'elect[] to build a business on products found to infringe[,] [they] cannot be heard to complain if an injunction against continuing infringement destroys the business so elected").

Therefore, the balance of hardships favors Plaintiff.

D.  **Public Interest analysis tips in favor of Plaintiff**

The focus of Public Interest analysis centers on "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 n.12 (Fed. Cir. 1988). In addition, "the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

There is a strong public interest in the protection of patent rights. Since Plaintiff is the rightful owner of the Asserted Patents, the public would benefit from a preliminary injunction, halting any further offering for sale, sale and distribution of Defendants' counterfeit Products.

4

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter a preliminary injunction order:

1) enjoining and restraining Defendant UILIKO from offering for sale, selling, and importing any products not authorized by Plaintiffs, and that includes any reproduction, copy or colorable imitation of the '825' Patent, the '808' Patent, the '874' Patent;

2) enjoining and restraining Defendant UILIKO from transferring or disposing of any assets from its Amazon account or any other U.S. based financial accounts, until further ordered by this Court;

3) requesting Amazon.com, within five (5) business days of receipt of the preliminary injunction order, locate all accounts and funds connected to Defendant UILIKO, restrain and enjoin any such accounts or funds from being transferred or disposed to Defendant UILIKO's off-shore bank accounts.

Respectfully Submitted:

Date: 04/30/2022

By /s/ He Cheng
He Cheng
Robin.Cheng@glacier.law
Tao.Liu
Tao.Liu@glacier.law
Glacier Law LLP
200 Park Ave, Suite 1703
New York, NY 10166
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
Attorneys for Plaintiff
DAKA RESEARCH INC.,

5