# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REVLON CONSUMER PRODUCTS LLC and ELIZABETH ARDEN, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> GIVE BACK BEAUTY S.A., GIVE BACK BEAUTY, LLC, GIVE BACK BEAUTY AMERICAS LLC, GIVE BACK BEAUTY INTERNATIONAL LLC, GIVE BACK BEAUTY HOLDING LTD., VANESSA KIDD, DOMINICK ROMEO, REID MULVIHILL and ASHLEY FASS, <br><br> Defendants. | Case No. 1:24-cv-06438-ER-RWL |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900

*Counsel for Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc.*

September 13, 2024

Plaintiffs Revlon Consumer Products LLC ("Revlon") and Elizabeth Arden, Inc. ("Elizabeth Arden") (collectively "Plaintiffs" or "Revlon"), respectfully submit this Memorandum of Law in support of their Motion for Expedited Discovery. Plaintiffs seek expedited discovery to determine the full extent of Defendants' misappropriation of Plaintiffs' trade secrets. This motion is made in furtherance of Plaintiffs' Motion for a Preliminary Injunction, filed on September 13, 2024.

## PRELIMINARY STATEMENT

This is an egregious case of trade secret misappropriation. The employees in Revlon's core fragrance team resigned from Revlon in rapid succession in April to May 2024 in order to join Give Back Beauty ("GBB") as executives in its fragrance business, but not before accessing, copying, and/or taking a vast quantity of Revlon trade secret material. Revlon learned through an expert forensic analysis of its former employees' Revlon laptops that they misappropriated Revlon's trade secrets. But that forensic examination has limits. It cannot identify everything that was stolen.

Revlon now seeks limited discovery on an expedited basis to fully ascertain what the individual defendants took from Revlon when they left and what they and the GBB Defendants did what that information. This is not a big ask of Defendants here. It is critical for Revlon to identify the universe of stolen trade secrets in order to obtain return of its property and abate its continuing irreparable harm.

## FACTS

This Memorandum of Law incorporates by reference the underlying facts set forth in Plaintiffs' Memorandum of Law in support of its Motion for a Preliminary Injunction, as well as the supporting Declarations of J. Christopher Racich, Will Cornock, Marni Shepard and Michael

1

Dockterman. A separate declaration of Michael Dockterman is submitted in connection with this motion for expedited discovery ("Dockterman Discovery Decl.").

## ARGUMENT

**I. THE COURT SHOULD GRANT PLAINTIFFS EXPEDITED DISCOVERY**

**A. Legal Standard for Expedited Discovery**

Courts in this District have applied a "'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)); *see also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) ("[T]he more flexible approach is the better approach."); *In re Keurig Green Mtn. Single-serve Coffee Antitrust Litig.*, No. 14-CV-4242, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (courts in this Circuit apply a "good cause" or "reasonableness" standard in determining whether to grant expedited discovery). Courts find "good cause" when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *N. Atl. Operating Co., Inc. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (citation omitted). The "reasonableness" prong "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *Id.*; *Ayyash*, 233 F.R.D. at 327.

> Some courts have applied the factors in *Notaro v. Koch*, which are:
>
> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

95 F.R.D. 403, 405 (S.D.N.Y. 1982). While Plaintiffs meet this standard, as detailed below and in Plaintiffs' Motion for a Preliminary Injunction, "[i]n recent years . . . courts in this District

2

have shifted away from the *Notaro* test and moved towards a more flexible 'good cause' or 'reasonableness' standard." *In re Keurig Green Mtn.*, 2014 WL 12959675, at *1; *Directory Assistants, Inc. v. Doe*, No. 3:10-CV-548 CFD, 2010 WL 10128887, at *1 n.1 (D. Conn. Apr. 28, 2010) ("The recent trend. . . rejects the *Notaro* approach, instead applying the more flexible 'good cause' standard."); *Stern*, 246 F.R.D. at 457 ("[T]he more flexible approach is the better approach."); *Oneida Grp. Inc. v. Steelite Intl. U.S.A. Inc.*, 122 U.S.P.Q.2d 1694, 2017 WL 1954805, at *23 (E.D.N.Y. May 10, 2017) ("[T]he more flexible approach is proper.").

**B.    The Facts Warrant Allowing Limited Expedited Discovery**

This motion satisfies both tests.  The discovery sought here is for good cause and reasonable, particularly given the forensic analysis demonstrating that Revlon's former employees wrongfully accessed and took Revlon's confidential information in preparation for decamping to GBB.  And while the forensic analysis was necessarily limited – reliant upon artifacts remaining on the former employees' laptops – more information is needed from the Defendants themselves.  While Revlon knows that, as they departed, the individual Defendants deliberately and wrongfully took with them to GBB a substantial quantity of Revlon's trade secrets regarding the fragrance business in general and the Britney Brands and Juicy Couture accounts in particular , it cannot identify everything that was taken.  Revlon seeks to uncover the full nature and extent of Defendants' malfeasance in order to obtain the return of its property and attempt to mitigate the resulting harm as quickly as possible.  Only through discovery from Defendants will Plaintiffs be able to ascertain the full extent of the Defendants' wrongful misappropriation of Revlon's trade secrets.  This constitutes good cause to allow expedited discovery.  *Mirza v. Doe #1*, No. 20-CIV-9877-PGG-SLC, 2021 WL 4596597, at *5 (S.D.N.Y. Oct. 6, 2021).

### 1.  Plaintiffs Are Likely to Succeed on the Merits and are Facing Irreparable Harm

Plaintiffs are entitled to the limited discovery sought on an expedited basis even under the *Notaro* standard. First, it is not merely possible that Plaintiffs will succeed on the merits, but likely, as demonstrated in their Motion for Preliminary Injunction. That motion also shows the irreparable harm that Plaintiffs face from Defendants' actions. Immediate discovery will confirm the extent of such harm and allow Plaintiffs to mitigate against it.

The risk of further irreparable harm is also clear. As recognized by the Second Circuit, the potential loss of a trade secret causes irreparable harm because a "trade secret once lost is, of course, lost forever." *N. Atl. Instruments*, 188 F.3d at 49 (citation omitted). Indeed, "[i]rreparable harm is presumed where a trade secret has been misappropriated." *Estee Lauder Cos. Inc. v. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006). Such irreparable harm exists here, where Revlon has invested considerable time and resources to develop its fragrance business and the relationships it has cultivated in that business. If Revlon's fragrance business plans, marketing strategy, financial constructs and/or contractual relationships fall into the hands of a competitor, Revlon's competitive standing in the fragrance field will be irreparably harmed. Among other things, such a competitor would have the opportunity to simply duplicate Revlon's cost structures, and go-to market strategies, and, significantly, to undercut and poach Revlon's most valuable relationships. *See* Cornock Decl. ¶¶ 14, 24.

Expedited discovery is particularly important here, because the wrongdoing that Revlon has been able to uncover could very well just be the tip of the iceberg. Without knowing the full extent of defendants' misconduct, the harm could be much greater. Because the artifacts remaining on the former employees' laptops do not reveal the universe of information that Defendants may have misappropriated or misused, immediate discovery is essential. Despite

4

their own diligent efforts to do so, Plaintiffs cannot discover the full extent of what Defendants took. *See generally* Racich Decl. For example, while forensic analysis was able to determine the names of the files accessed by Kidd after the close of business on her last day at Revlon, it does not know where she put those files, and whether she took hard copy documents as well. Because Kidd deleted the browsing history on her laptop; the absence of cached data impedes forensic analysis as to whether files were moved to a Google Drive or any other cloud system. Racich Decl. ¶¶ 11-13. Similarly, Revlon knows that Fass downloaded entire file folders onto an external hard drive that she took with her, but it cannot ascertain whether there may be more folders on that hard drive that left no trace on Fass's laptop. Revlon also knows that Fass attempted to delete over 500 files from her laptop. *Id*. ¶¶ 14-21. The forensic artifacts left on the Mulvihill and Romeo laptops do not reveal what information these employees may have taken from Revlon. It is precisely this uncertainty that necessitates the discovery sought here. *Id*. ¶¶ 22-28.

### 2. Plaintiffs' Discovery Requests are Narrow and Focused on the Key Issues

The discovery Plaintiffs seek on an expedited basis is straightforward and targeted to identifying the scope of Defendants' misappropriation and misdeeds so that Plaintiffs' interests can be protected by a preliminary injunction and through remedial efforts. Dockterman Discovery Decl. Ex. A (proposed Document Requests) and Ex. B (proposed Notices of Deposition). The document requests are, either expressly or by their nature, focused on a limited time frame, largely during calendar year 2024, and seek to discover the extent of Defendants' malfeasance and, in particular, what Revlon information Defendants have and how they have used, or are using it.

There are no alternative means to obtain the information, as Plaintiffs have no access to emails or documents that are not on Plaintiff-owned servers. Only discovery of Defendants' work and personal computers, phones, external hard drives, emails, and text messages – items exclusively in Defendants' possession – will yield answers. Accordingly, Plaintiffs have good cause for expedited discovery.

Furthermore, because the discovery sought now is limited, it is critical to ensure the preservation of all data on the personal devices of the Revlon Employees to allow for further discovery in the ordinary course. Plaintiffs therefore also seek an order directing that the evidence on such devices be preserved for ongoing discovery.

### 3. Any Prejudice to Defendants Is Minimal and Is Far Outweighed By the Harm to Plaintiffs

This targeted discovery that Revlon seeks on an expedited basis will not unduly prejudice Defendants. As a threshold matter, Revlon's confidential information was taken wrongfully and does not belong to Defendants; Defendants should not be heard to complain about having to account for their actions on an exigent basis.

Moreover, Defendants have known about Plaintiff's request for expedited discovery since at least September 6, 2024. *See* Dockterman Discovery Decl. ¶ 7. They should not be permitted to delay Revlon's discovery of their scope of their malfeasance any longer. Now that Defendants have secured an extension of time to respond to the Complaint, it is even more imperative that the standard discovery timing be adjusted to allow Plaintiffs to uncover the information that it needs to protect its proprietary information and contractual relationships.

Any marginal prejudice to Defendants in having to provide on an expedited basis certain discovery to which Defendants are otherwise entitled is dwarfed by the harm to Plaintiffs if they continue to be kept in the dark about what confidential information of theirs may be in the hands

6

of their competitors and subject to misuse. Expedited discovery will help ensure that injunctive relief is appropriately fashioned and will allow Plaintiffs to try to stem the damage from Defendants' misappropriation and other wrongs.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' motion for expedited discovery requiring Defendants to respond within 10 days to the document requests attached hereto as Dockterman Disc.overy Decl. Ex. A and to appear for depositions as noticed in Dockterman Discovery Decl. Ex. B. In addition, the Defendants, their employees and affiliates, should be ordered to preserve all documents related to this dispute, as well as all hardware, such as personal computers, external hard drives and cell phones, until further order by this Court.

Dated: September 14, 2024

By: /s/ *Michael Docktermn*

Michael Dockterman
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300

Elyse D. Echtman
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Email: eechtman@steptoe.com

*Attorneys for Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc.*