# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.

              Plaintiffs,

          -against-

GIVE BACK BEAUTY S.A., et al.,

              Defendants.

Case No. 1:24-cv-06438-ER-RWL

## DECLARATION OF MICHAEL DOCKTERMAN

I, Michael Dockterman, declare and state as follows:

1.      I am a Partner in the Chicago, IL office of Steptoe LLP, counsel for the Plaintiffs herein. I am admitted in this action *pro hac vice* and have been counsel to Plaintiffs in this matter since its inception. I submit this declaration to place before the Court certain information and documents relevant to Plaintiffs' motion for expedited discovery. I have personal knowledge of the matters set forth herein based on my involvement in Plaintiffs' representation and my review of the files relevant to that representation.

2.      Annexed hereto as Exhibit A are the proposed Requests for Production to Defendants, for which Plaintiffs seek a response and production of documents within 10 days. Attached as Exhibit B are the proposed Notices of Deposition for the depositions of Defendants to be taken on an expedited basis.

3.      Plaintiffs' motion for expedited discovery relates to their Motion for a Preliminary Injunction, and the underlying facts relevant to both Motions are discussed in greater detail in the Preliminary Injunction moving papers. Those facts are supplemented as follows:

4.      Following Revlon's retention of Steptoe, Steptoe hired a computer forensic expert, Vestigant LLC, to perform analyses of the Revlon laptops that had been used by Vanessa Kidd, Ashley Fass, Dominick Romeo and Reid Mulvihill.  We received the results of those analyses in August 2024.  The relevant results of the forensic investigation are detailed more fully in the Declaration of J. Christopher Racich.

5.      On August 26, 2024, Plaintiffs commenced the instant action alleging, *inter alia*, Defendants' misappropriation of Plaintiffs' trade secrets.

6.      Following the commencement of this action, on September 3, 2024, I was contacted by Ronie Schmelz of K&L Gates, who told me that she had been retained by the Defendants.  Ms. Schmelz requested an extension of time to respond to Plaintiffs' Complaint.  I advised Ms. Schmelz that, ordinarily, I would accommodate this request as a matter of course, but that there were two issues of immediate concern to Revlon that need to be addressed: i) GBB's outreach to Revlon's fragrance houses requesting the formulas for the Britney Brands fragrances; and ii) the Revlon information taken by the former employees, which needed to be returned with assurances that GBB is not using it.

7.      On September 6, 2024, I sent an email to Ms. Schmelz with a specific proposal for the return of Revlon's information, the voluntary exchange of certain documents and an extension of time for defendants to respond to the Complaint. My proposal alerted Defendants to Plaintiffs' need for expedited discovery and Revlon's intention to seek preliminary injunctive relief if Revlon's information was not returned.  I followed this email with a proposed protective order.

8.      Ms. Schmelz responded to my email by agreeing to an exchange of Revlon's and GBB's agreements with Britney Brands on an attorneys' eyes only basis.  She did not agree that

the individual defendants would return any of Revlon's information or to any forensic examination of the Defendants' devices to search for Revlon's information.

9.      I responded on September 6, 2024 by advising Ms. Schmelz that, without the protections that we had requested regarding Defendants' retention and use of Revlon's confidential information, Plaintiffs would seek expedited discovery as well as preliminary injunctive relief.

10.      Counsel for the parties conferred again on September 10, 2024. This discussion involved Ms. Schmelz's colleagues John Cotter and Avril Love.  They confirmed that they represent all Defendants.  I reiterated that the individual defendants should not be working on Britney Brands for GBB and repeated my request that Defendants return all of Revlon's confidential information.  I also reiterated Revlon's concern that GBB was reaching out to fragrance houses requesting information that is proprietary to Revlon.  At the end of the call, counsel for Defendants promised to provide a proposal to address these issues the following day, along with a signed stipulated protective order.  Defendants did not provide the promised proposal.

11.      While Revlon understood that the parties were still meeting and conferring concerning an extension of time, expedited discovery, return of Revlon's information, and assurances with respect to the misuse of Revlon's information, Defendants moved for an extension of their time to respond to the complaint.  In their letter application, Defendants omitted the most recent meet-and-confer discussion that had occurred that evening. They also represented to the Court that Defendants had rejected all of Revlon's proposals in the parties' meet-and-confer discussions.  In their letter, Defendants maintain that rejection of Revlon's proposals is necessary for its business.  See ECF No. 29.

12.      I wrote to Defendants' counsel expressing my concern that their letter to the Court was inaccurate in its omission of our meet-and-confer and expressing my disappointment that they

were not going to follow through on providing a proposal to address Revlon's concerns.    On September 11, 2024, Defendants counsel advised me that they are still "working on" a proposal for Revlon.    To date, however, we have not received any such proposal, nor have we received any indication when, or indeed, if, a proposal will be forthcoming.    Revlon has not received the return of any information taken by the individual Defendants, nor has GBB provided confirmation that GBB has not used Revlon information. Since more than one week has already elapsed from the time we advised Defendants of our intention to seek expedited discovery, we are forced to seek such relief at this time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:  September 13, 2024

  _s/ Michael Dockterman_____
Michael Dockterman

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC and
ELIZABETH ARDEN, INC.,

        Plaintiffs,

    -against-

GIVE BACK BEAUTY S.A., et al.,

        Defendants.

Case No. 1:24-cv-06438-ER-RWL

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS GIVE BACK BEAUTY S.A., GIVE BACK BEAUTY LLC, GIVE BACK BEAUTY AMERICAS LLC, GIVE BACK BEAUTY INTERNATIONAL LLC, AND GIVE BACK BEAUTY HOLDING LTD.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc. (collectively, "Revlon") by and through their undersigned counsel, hereby request that Defendants Give Back Beauty S.A., Give Back Beauty, LLC, Give Back Beauty Americas LLC, Give Back Beauty International LLC, Give Back Beauty Holding LTD. (collectively, "GBB") produce the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within ten (10) days of the date of service of this request.

## DEFINITIONS

The words and phrases used in these Requests for Production (the "Requests," and each individually, a "Request") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District

of New York.  In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production.

1.      The word "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      The term "Confidential Information" refers to knowledge, information and material which is proprietary to Revlon, of which you obtained knowledge or access through or as a result of your employment by Revlon (including information conceived, originated, discovered or developed in whole or in part by you during your employment with Revlon), including, but not limited to: any non-public information or trade secrets including but not limited to vendors supplying ingredients, fragrances and packaging; other vendor information; distribution chain for the products and the ultimate retail destinations with which Revlon has agreements; purchasing and internal cost information; marketing and development plans; price and cost data; marketing techniques; methods of obtaining business; forecasts and forecast assumptions and volumes; future plans and potential strategies; contracts and their contents; sales volume, sales outlets, sales geographies, production and distribution costs and profit margins.

3.      The words "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.      The word "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5.      The term "GBB" refers to all or any of the entities Give Back Beauty S.A.; Give

Back Beauty, LLC; Give Back Beauty Americas LLC, Give Back Beauty International LLC, Give Back Beauty Holding LTD.; and its current or former subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its current or former employees, officers, and directors.

6.    The term "Revlon Employees" refers to all or any of Vanessa Kidd, Dominick Romeo, Reid Mulvihill and Ashley Fass.

7.    The words "You" or "Your" refer to the GBB entities.

## INSTRUCTIONS

1.    All objections to the production of documents requested herein shall be made in writing and served on Plaintiff's counsel on or before the date set for production.

2.    These Requests call for the production of all responsive Documents in Your possession, custody or control, without regard to the physical location of such Documents.

3.    All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.  If there are no Documents in response to a particular Request, or if You withhold any responsive Documents or categories of Documents based on any objections, You shall state so in writing.

4.    Electronically stored information (ESI) should be produced with associated metadata in a Concordance load file format (.dat) and an image (.opt) load file with the related TIFF, text, and native files.  The .dat load file shall include the following fields, if available:  (1) BegDoc (Bates number assigned to each native document and the Bates number assigned to the first page of imaged documents); (2) EndDoc (Ending Bates number of imaged documents; same as BegDoc for native documents); (3) BegAttach (beginning Bates number of parent document); (4) EndAttach (ending Bates number of last attachment); (5) Media_Volume; (6) PageCount; (7)

3

AttachCount (number of attachments); (8) Custodians (Name of person from whom file was obtained); (9) Duplicate Custodians; (10) FileName (Name of the original native file as it existed at the time of collection); (11) FileText (Extension of native document); (12) Folder (Location within folder structure, including any container files, for the original native file as it existed at the time of collection); (13) FileSize; (14) MD5HASH (Identifying value (MD5 or SHA-1) of an electronic record, used for deduplication and authentication); (15) Author (name of person creating document); (16) Title; (17) LastModDate; (18) LastModTime; (19) CreatedDate; (20) CreatedTime; (21) Time_Zone; (22) Email_From; (23) Email_To; (24) Email_CC; (25) Email_BCC; (26) Email_Subject; (27) Email_DateRcvd; (28) Email_TimeRcvd; (29) Email_DateSent; (30) Email_TimeSent; (31) Designation (i.e. level of confidentiality if any); (32) TextLink; (33) NativeLink. Files and file types which do not render in a usable manner when converted to image with extracted text, such as spreadsheets and multimedia files, should be produced as native files.

5.      If any Document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection please identify each Document withheld, and for each such Document, provide the information set forth in Fed. R. Civ. P. 26(b)(5), including its date, author, and each addressee or recipient; describe its subject matter; state the privilege claimed; and state whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.  The non-privileged portions of the document must be produced.  For each such document, indicate the portion of the document withheld by stamping the words "Redacted [Basis for Protection]" on the document in an appropriate location that does not obscure the remaining text.

6.      If You object to any Document Request on any ground other than privilege, You must specify:  the part of the Request that is objectionable and respond and produce materials responsive to the remainder of the Request; and whether any responsive materials are being withheld on the basis of an objection. Whenever a Document is not produced in full, state with particularity the reason or reason(s) it is not being produced in full, and describe, to the best of Your knowledge, information and belief and with as much particularity as possible, those portions of the Document that are not produced.

7.      It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

8.      If, in responding to the Requests, You encounter any ambiguities when construing a Request or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

9.      The use of present tense includes past tense, and vice versa.  The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.      The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might

otherwise be construed to be outside of its scope.

12.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

13.    The Requests are continuing, and Your response to these Requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

1. All Revlon Documents taken and/or retained by the Revlon Employees.

2. All Documents concerning Communications between individuals associated with the GBB entities and the Revlon Employees in the time period between January 1, 2024 and May 31, 2024, inclusive of offers of employment, non-disclosure agreements, and employment agreements.

3. All Documents concerning communications between and among the Revlon Employees relating to GBB that implicate Revlon's Confidential Information between January 1, 2024 and May 31, 2024.

4. All Documents concerning Communications between GBB and representatives of Britney Brands from January 1, 2024 to August 26, 2024.

5. All agreements between GBB and Britney Brands.

6. All Documents concerning transition efforts that GBB has undertaken in connection with its planned commercialization of Britney Spears-branded fragrance products, including but not limited to business plans and communications with Revlon's suppliers.

7. Any and all Communications between GBB and entities with fragrance licensing relationships with Revlon from February 1, 2024 to the present.

8. Produce for inspection, and forensic examination, the Revlon Employees professional electronic devices, inclusive of cellphones, tablets, laptops, desktops and external hard drives to search for Revlon's Confidential Information.

Dated: September 13, 2024                STEPTOE LLP


By:  /s/ *Michael Dockterman*
       Michael Dockterman
       227 West Monroe Street, Suite 4700
       Chicago, IL 60606
       Telephone:  (312) 577-1300

       Elyse D. Echtman
       1114 Avenue of the Americas
       New York, NY 10036
       Telephone:  (212) 506-3900
       Email:  eechtman@steptoe.com

       *Attorneys for Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC and
ELIZABETH ARDEN, INC.,

        Plaintiffs,

     -against-

GIVE BACK BEAUTY S.A., et al.,

        Defendants.

Case No. 1:24-cv-06438-ER-RWL

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS VANESSA KIDD, DOMINICK ROMEO, REID MULVIHILL AND ASHLEY FASS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc. (collectively, "Revlon") by and through their undersigned counsel, hereby request that Defendants Vanessa Kidd, Dominick Romeo, Reid Mulvihill, and Ashley Fass produce the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within ten (10) days of the date of service of this request.

## DEFINITIONS

The words and phrases used in these Requests for Production (the "Requests," and each individually, a "Request") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production.

1.      The word "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      The term "Confidential Information" refers to knowledge, information and material which is proprietary to Revlon, of which you obtained knowledge or access through or as a result of your employment by Revlon (including information conceived, originated, discovered or developed in whole or in part by you during your employment with Revlon), including, but not limited to: any non-public information or trade secrets including but not limited to vendors supplying ingredients, fragrances and packaging; other vendor information; distribution chain for the products and the ultimate retail destinations with which Revlon has agreements; purchasing and internal cost information; marketing and development plans; price and cost data; marketing techniques; methods of obtaining business; forecasts and forecast assumptions and volumes; future plans and potential strategies; contracts and their contents; sales volume, sales outlets, sales geographies, production and distribution costs and profit margins.

3.      The words "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.      The word "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5.      The term "GBB" refers to all or any of Give Back Beauty S.A.; Give Back Beauty, LLC; Give Back Beauty Americas LLC, Give Back Beauty International LLC, Give Back Beauty Holding LTD.; and its current or former subsidiaries, divisions, predecessor and

successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its current or former employees, officers, and directors.

6.      The words "You," "Your" or "Revlon Employees" refer to all or any of Vanessa Kidd, Dominick Romeo, Reid Mulvihill and Ashley Fass.

## INSTRUCTIONS

1.      All objections to the production of documents requested herein shall be made in writing and served on Plaintiff's counsel on or before the date set for production.

2.      These Requests call for the production of all responsive Documents in Your possession, custody or control, without regard to the physical location of such Documents.

3.      All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.  If there are no Documents in response to a particular Request, or if You withhold any responsive Documents or categories of Documents based on any objections, You shall state so in writing.

4.      Electronically stored information (ESI) should be produced with associated metadata in a Concordance load file format (.dat) and an image (.opt) load file with the related TIFF, text, and native files.  The .dat load file shall include the following fields, if available: (1) BegDoc (Bates number assigned to each native document and the Bates number assigned to the first page of imaged documents); (2) EndDoc (Ending Bates number of imaged documents; same as BegDoc for native documents); (3) BegAttach (beginning Bates number of parent document); (4) EndAttach (ending Bates number of last attachment); (5) Media_Volume; (6) PageCount; (7) AttachCount (number of attachments); (8) Custodians (Name of person from whom file was obtained); (9) Duplicate Custodians; (10) FileName (Name of the original native file as it existed at the time of collection); (11) FileText (Extension of native document);

(12) Folder (Location within folder structure, including any container files, for the original native file as it existed at the time of collection); (13) FileSize; (14) MD5HASH (Identifying value (MD5 or SHA-1) of an electronic record, used for deduplication and authentication); (15) Author (name of person creating document); (16) Title; (17) LastModDate; (18) LastModTime; (19) CreatedDate; (20) CreatedTime; (21) Time_Zone; (22) Email_From; (23) Email_To; (24) Email_CC; (25) Email_BCC; (26) Email_Subject; (27) Email_DateRcvd; (28) Email_TimeRcvd; (29) Email_DateSent; (30) Email_TimeSent; (31) Designation (i.e. level of confidentiality if any); (32) TextLink; (33) NativeLink. Files and file types which do not render in a usable manner when converted to image with extracted text, such as spreadsheets and multimedia files, should be produced as native files.

5.    If any Document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection please identify each Document withheld, and for each such Document, provide the information set forth in Fed. R. Civ. P. 26(b)(5), including its date, author, and each addressee or recipient; describe its subject matter; state the privilege claimed; and state whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.  The non-privileged portions of the document must be produced.  For each such document, indicate the portion of the document withheld by stamping the words "Redacted [Basis for Protection]" on the document in an appropriate location that does not obscure the remaining text.

6.    If You object to any Document Request on any ground other than privilege, You must specify:  the part of the Request that is objectionable and respond and produce materials responsive to the remainder of the Request; and whether any responsive materials are

being withheld on the basis of an objection. Whenever a Document is not produced in full, state with particularity the reason or reason(s) it is not being produced in full, and describe, to the best of Your knowledge, information and belief and with as much particularity as possible, those portions of the Document that are not produced.

7.      It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

8.      If, in responding to the Requests, You encounter any ambiguities when construing a Request or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

9.      The use of present tense includes past tense, and vice versa. The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

12.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

13.     The Requests are continuing, and Your response to these Requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

1. All Revlon Documents taken and/or retained by You.

2. All Documents concerning Communications between individuals associated with the GBB entities and You in the time period between January 1, 2024 and May 31, 2024, inclusive of offers of employment, non-disclosure agreements, and employment agreements.

3. All Documents concerning communications between and among You relating to GBB that implicate Revlon's Confidential Information between January 1, 2024 and May 31, 2024.

4. All Documents concerning Communications between GBB and representatives of Britney Brands from January 1, 2024 to August 26, 2024.

5. All agreements between GBB and Britney Brands.

6. All Documents concerning transition efforts that GBB has undertaken in connection with its planned commercialization of Britney Spears-branded fragrance products, including but not limited to business plans and communications with Revlon's suppliers.

7. Any and all Communications between GBB and entities with fragrance licensing relationships with Revlon from February 1, 2024 to the present.

8. Produce for inspection, and forensic examination Your professional and personal electronic devices, inclusive of cellphones, tablets, laptops, desktops and external hard drives to search for Revlon's Confidential Information.

Dated: September 13, 2024                    STEPTOE LLP


                                             By:  /s/ *Michael Dockterman*
                                             _____

                                             Michael Dockterman
                                             227 West Monroe Street, Suite 4700
                                             Chicago, IL 60606
                                             Telephone:  (312) 577-1300

                                             Elyse D. Echtman
                                             1114 Avenue of the Americas
                                             New York, NY 10036
                                             Telephone:  (212) 506-3900
                                             Email:  eechtman@steptoe.com

                                             *Attorneys for Plaintiffs Revlon Consumer*
                                             *Products LLC and Elizabeth Arden, Inc.*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

                  Plaintiffs,

                  -against-

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK
BEAUTY HOLDING LTD., VANESSA
KIDD, DOMINICK ROMEO, REID
MULVIHILL and ASHLEY FASS,

                  Defendants.

Case No. 1:24-cv-06438-ER-RWL

## <u>NOTICE OF DEPOSITION OF DEFENDANTS GIVE BACK BEAUTY LLC, GIVE BACK BEAUTY AMERICAS LLC, GIVE BACK BEAUTY INTERNATIONAL LLC</u>

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc. will

take the oral deposition of Give Back Beauty, LLC, Give Back Beauty Americas LLC, and Give

Back Beauty International LLC.  Each deposition will take place on a date and time and at a

location to be determined upon authorization from the Court for the taking of these depositions.

The deposition will be taken before a notary public or other officer authorized to administer

oaths.

The deposition will be recorded by video and stenographic means and shall continue

from day to day until completed.  The deposition will be taken for the purposes of discovery, to

perpetuate the testimony of the witness for use at trial, and for other purposes permitted under

the Federal Rules of Civil Procedure, Local Rules of the Southern District of New York, or any

other applicable rules.

Each Defendant  is directed, pursuant to Rule 30(b)(6), to designate one or more officers,

directors, managing agents, or other persons who consent and are knowledgeable to testify on its

behalf with respect to:

> All matters addressed in Plaintiffs' First Request for the Production of Documents
> to Defendants Give Back Beauty S.A., Give Back Beauty, LLC, Give Back
> Beauty Americas LLC, Give Back Beauty International LLC, Give Back Beauty
> Holding LTD.

No later than five days prior to the deposition of each Defendant, such Defendant is

requested to set forth in writing the identity of each witness that will testify in response to this

notice and the matters on which said witness will testify.


Dated:  September 13, 2024                                       Respectfully,

By:  */s/ Michael Dockterman*
      Michael Dockterman
      STEPTOE LLP
      227 West Monroe Street, Ste 4700
      Chicago, IL 60606
      Tel: (312) 577-1300
      E-mail: mdockterman@steptoe.com

      Elyse D. Echtman
      1114 Avenue of the Americas
      New York, New York 10036
      Tel: (212) 506-3900
      E-mail: eechtman@steptoe.com

      *Counsel for Plaintiffs Revlon Consumer*
      *Products LLC and Elizabeth Arden, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

              Plaintiffs,

              -against-

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK
BEAUTY HOLDING LTD., VANESSA
KIDD, DOMINICK ROMEO, REID
MULVIHILL and ASHLEY FASS,

              Defendants.

Case No. 1:24-cv-06438-ER-RWL

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden Inc. will take the deposition by oral examination of Vanessa Kidd on a date, time and location to be determined upon authorization from the Court for the taking of this deposition. The deposition will before a notary public or other officer authorized to administer oaths.

The deposition will be recorded by video and stenographic means and shall continue from day to day until completed. The deposition will be taken for the purposes of discovery, to perpetuate the testimony of the witness for use at trial, and for other purposes permitted under the Federal Rules of Civil Procedure, Local Rules of the Southern District of New York, or any other applicable rules.

Dated:  September 13, 2024                    Respectfully,

By:  */s/ Michael Dockterman*
    Michael Dockterman
    STEPTOE LLP
    227 West Monroe Street, Ste 4700
    Chicago, IL 60606
    Tel: (312) 577-1300
    E-mail: mdockterman@steptoe.com

    Elyse D. Echtman
    1114 Avenue of the Americas
    New York, New York 10036
    Tel: (212) 506-3900
    E-mail: eechtman@steptoe.com

    *Counsel for Plaintiffs Revlon Consumer*
    *Products LLC and Elizabeth Arden, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

                    Plaintiffs,                    Case No. 1:24-cv-06438-ER-RWL

                    -against-

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK
BEAUTY HOLDING LTD., VANESSA
KIDD, DOMINICK ROMEO, REID
MULVIHILL and ASHLEY FASS,

                    Defendants.

## **NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden Inc. will take the

deposition by oral examination of Dominic Romeo on a date, time and location to be determined

upon authorization from the Court for the taking of this deposition. The deposition will before a

notary public or other officer authorized to administer oaths.

The deposition will be recorded by video and stenographic means and shall

continue from day to day until completed.  The deposition will be taken for the purposes of

discovery, to perpetuate the testimony of the witness for use at trial, and for other purposes

permitted under the Federal Rules of Civil Procedure, Local Rules of the Southern District of

New York, or any other applicable rules.

Dated:  September 13, 2024                    Respectfully,

                                  By:  */s/ Michael Dockterman*
                                       Michael Dockterman
                                       STEPTOE LLP
                                       227 West Monroe Street, Ste 4700
                                       Chicago, IL 60606
                                       Tel: (312) 577-1300
                                       E-mail: mdockterman@steptoe.com

                                       Elyse D. Echtman
                                       1114 Avenue of the Americas
                                       New York, New York 10036
                                       Tel: (212) 506-3900
                                       E-mail: eechtman@steptoe.com

                                       *Counsel for Plaintiffs Revlon Consumer*
                                       *Products LLC and Elizabeth Arden, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

               Plaintiffs,

            -against-

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK
BEAUTY HOLDING LTD., VANESSA
KIDD, DOMINICK ROMEO, REID
MULVIHILL and ASHLEY FASS,

              Defendants.

Case No. 1:24-cv-06438-ER-RWL

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden Inc. will take the deposition by oral examination of Reid Mulvihill on a date, time and location to be determined upon authorization from the Court for the taking of this deposition. The deposition will before a notary public or other officer authorized to administer oaths.

The deposition will be recorded by video and stenographic means and shall continue from day to day until completed. The deposition will be taken for the purposes of discovery, to perpetuate the testimony of the witness for use at trial, and for other purposes permitted under the Federal Rules of Civil Procedure, Local Rules of the Southern District of New York, or any other applicable rules.

Dated:  September 13, 2024                    Respectfully,

                                    By:  */s/ Michael Dockterman*
                                        Michael Dockterman
                                        STEPTOE LLP
                                        227 West Monroe Street, Ste 4700
                                        Chicago, IL 60606
                                        Tel: (312) 577-1300
                                        E-mail: mdockterman@steptoe.com

                                        Elyse D. Echtman
                                        1114 Avenue of the Americas
                                        New York, New York 10036
                                        Tel: (212) 506-3900
                                        E-mail: eechtman@steptoe.com

                                        *Counsel for Plaintiffs Revlon Consumer*
                                        *Products LLC and Elizabeth Arden, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

                Plaintiffs,

                -against-

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK
BEAUTY HOLDING LTD., VANESSA
KIDD, DOMINICK ROMEO, REID
MULVIHILL and ASHLEY FASS,

                Defendants.

Case No. 1:24-cv-06438-ER-RWL

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden Inc. will take the

deposition by oral examination of Ashley Fass on a date, time and location to be determined

upon authorization from the Court for the taking of this deposition. The deposition will before a

notary public or other officer authorized to administer oaths.

The deposition will be recorded by video and stenographic means and shall

continue from day to day until completed.  The deposition will be taken for the purposes of

discovery, to perpetuate the testimony of the witness for use at trial, and for other purposes

permitted under the Federal Rules of Civil Procedure, Local Rules of the Southern District of

New York, or any other applicable rules.

Dated:  September 13, 2024

Respectfully,

By:  */s/ Michael Dockterman*
Michael Dockterman
STEPTOE LLP
227 West Monroe Street, Ste 4700
Chicago, IL 60606
Tel: (312) 577-1300
E-mail: mdockterman@steptoe.com

Elyse D. Echtman
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
E-mail: eechtman@steptoe.com

*Counsel for Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc.*