UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REVLON CONSUMER PRODUCTS LLC and ELIZABETH ARDEN, INC.<br><br>                          Plaintiffs,<br><br>-against-<br><br>GIVE BACK BEAUTY S.A., et al.,<br><br>                          Defendants. | Case No. 1:24-cv-06438-ER-RWL |

I, Ashley Fass, under penalty of perjury, hereby declare as follows:

1.    I am over the age of 18 years of age and competent to testify. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction and Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery. I have personal knowledge of the subject matter set forth herein.

2.    In May 2018, I started working at Revlon as a manager. In July 2020, I was promoted to the role of Senior Manager. In December 2020, I was again promoted to Director, where I focused solely on ▇▇▇▇▇▇▇ fragrances. I remained in that role until I left the company on May 23, 2024.

<u>My Decision to Leave Revlon and Join Give Back Beauty</u>

3.    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1

4. On April 18, 2024, Jordi Agusti, of the Human Resources team at Give Back Beauty ("GBB"), reached out asking if I was interested in exploring opportunities. I indicated that I was, and, on April 22, 2024, I had a virtual meeting with Mr. Agusti, during which he provided a very informal overview of the company, and I indicated that I was interested in learning more about the position, which would focus only on the ▮▮▮▮▮▮▮▮ brand. Over the next few weeks, I met with a GBB advisor and eventually met with Patrizio Stella and Corrado Brondi.

5. On or about May 7, 2024, I received an offer letter from GBB, which I signed on May 8, 2024.

6. On May 9, 2024, I gave notice to Revlon that I was leaving the company. I declined to indicate where I was going.

7. After giving notice, I continued to perform my duties at Revlon until my last day, which was on May 23, 2024. During my last weeks at Revlon, I continued to use the company's computer to perform my job, including accessing Revlon files as needed to complete my job duties.

8. At no time during my discussions with GBB did I discuss with any of my Revlon co-workers the fact that I was interviewing with GBB. I did not know that Reid Mulvihill or Dominick Romeo were interviewing with GBB and only learned they were joining GBB after I left Revlon.

9. After I received my offer from GBB, I called Ms. Kidd to ask for advice regarding negotiating to obtain additional vacation days. Ms. Kidd informed me that I would be unlikely to get anywhere and advised me not to pursue that negotiation. We did not otherwise discus my offer.

10. I was not involved in the negotiations between GBB and Britney Brands, and I understand the deal was finalized before I began my employment at GBB.

11. Over the course of my career, I have occasionally utilized a personal external hard drive for work purposes. I understand that Revlon has evidence of me utilizing that hard drive in connection with my Revlon computer. I do not specifically recall every instance that I plugged my external hard drive into my Revlon computer, but I do recall that I plugged that drive into my Revlon laptop and also into my GBB laptop and that, on occasion, I downloaded files onto my personal hard drive. I am aware of and take seriously my obligations to protect the confidentiality of proprietary information belonging to my employer: I have never downloaded or saved any Revlon trade secret or confidential information on my external hard drive to my GBB laptop, nor would I ever do so.

12. Since joining GBB, I have plugged my hard drive into my GBB laptop to view various documents, but I never downloaded or saved any of those files to my GBB laptop. I have not knowingly and improperly shared any Revlon confidential or trade secret information with anyone outside of Revlon, including anyone at GBB. No one at GBB has ever asked me for any confidential or trade secret information belonging to Revlon.

13. Since the filing of this lawsuit, I have not used my hard drive, and, on September 19, 2024, I gave my hard drive to my attorneys.

<u>My Role at GBB, Which Does Not Involve Revlon Brands</u>

14. I began working at GBB on June 4, 2024 as the Vice President of Global Marketing for their ▮▮▮▮▮▮▮▮ fragrance line. My responsibilities include managing and marketing the entire portfolio of ▮▮▮▮▮▮▮▮ fragrances and include launching campaigns in new geographic markets and planning product launches.

15. I do not have day-to-day responsibilities related to fragrance brands that Revlon has, including ▮▮▮▮▮▮▮▮.

3

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Declaration is executed in New York, New York on this 20th day of September 2024.

By: *Ashley Fass*
Ashley Fass