# Exhibit 1

| | |
|---|---|
| **From:** | Dockterman, Michael <mdockterman@steptoe.com> |
| **Sent:** | Tuesday, September 10, 2024 5:22 PM |
| **To:** | Cotter, John J.; Schmelz, Ronie M. |
| **Cc:** | Echtman, Elyse; Love, Avril G.; Keller, Gilana; McCarthy, Samantha |
| **Subject:** | RE: Revlon v GBB |

**This Message Is From an External Sender**
This message came from outside your organization.

John,
Happy to talk today if that still works for you?
I would prefer to enter the protective order and we are happy to do so with an explicit reservation for any Rule 12 motion you may file.
Will send an invitation for 5:30 CT.
Michael

**Michael Dockterman**
Partner

**Steptoe**
Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Tuesday, September 10, 2024 3:17 PM
**To:** Dockterman, Michael <mdockterman@steptoe.com>; Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>
**Cc:** Echtman, Elyse <eechtman@steptoe.com>; Love, Avril G. <Avril.Love@klgates.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** [EXTERNAL] RE: Revlon v GBB

Michael: We are writing past each other so I suggest we talk and see if we can reach a conclusion without your claims about refusals clouding the issues. Also, instead of entering a protective order now with defendants who want to maintain their 12(b) options, we should exchange the agreements for now on an attorneys' eyes only basis as you proposed, and deal with the protective order later. I can talk at 530 pm CT today or tomorrow at 1230 pm CT. Please let me know if either proposed time works for you. Thanks. -- John

**From:** Dockterman, Michael <mdockterman@steptoe.com>
**Sent:** Monday, September 9, 2024 4:57 PM
**To:** Cotter, John J. <John.Cotter@klgates.com>; Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>
**Cc:** Echtman, Elyse <eechtman@steptoe.com>; Love, Avril G. <Avril.Love@klgates.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** RE: Revlon v GBB

1

John,

Thank you for your message. The proposed changes to the protective order are fine with us. Please finalize so we can exchange agreements.

Since the defendants have not agreed to return Revlon's Confidential Information or provide undertakings that they have not used, and will not use, that Confidential Information, expedited discovery is critical to move the case forward. We are obligated to meet and confer before filing a motion for expedited discovery. While we could treat my conversations with Ronie as such a conference, I appreciate that she was rushing overseas, and we want to give you a full opportunity to discuss our motion to determine whether we must file it. Can you please provide some times tomorrow when your team would be available for that conference by telephone or Zoom?

We appreciate your cooperation.

Best regards,

Michael

**Michael Dockterman**
Partner

**Steptoe**
Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Monday, September 9, 2024 9:48 AM
**To:** Dockterman, Michael <mdockterman@steptoe.com>; Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>
**Cc:** Echtman, Elyse <eechtman@steptoe.com>; Love, Avril G. <Avril.Love@klgates.com>
**Subject:** [EXTERNAL] RE: Revlon v GBB

Michael:  As you know, Ronie is in Korea for the next week, so I'm getting back to you to keep matters moving.

First, I attach a redline to your proposed protective order with a few minor changes.  Please confirm the changes are OK with you so we can finalize and exchange agreements.

Next, we do not agree with your characterizations or that there is any need for expedited discovery. We have only recently been retained, have individual defendants who are on vacation and traveling, and need time to complete our ongoing investigation, which of course involves preserving all evidence.

We are working quickly to complete our investigation and will get back to you as soon as we are done.

Thanks.

--John



**John J. Cotter**
K&L Gates LLP

2

One Congress Street, Suite 2900
Boston, MA  02114-2023
Office: 617.261.3178
Mobile: 617.240.9141
john.cotter@klgates.com
www.klgates.com

---

**From:** Dockterman, Michael <mdockterman@steptoe.com>
**Sent:** Friday, September 6, 2024 4:58 PM
**To:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>
**Cc:** Echtman, Elyse <eechtman@steptoe.com>; Cotter, John J. <John.Cotter@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>
**Subject:** RE: Revlon v GBB

Ronie,

If, in fact, your clients – both corporate and individual – do not have Revlon Confidential Information, I do not understand how you could find items 1 and 2 objectionable? And if your clients do have Revlon Confidential Information, I do not understand the basis on which you would refuse to return it?

Until we sort through the point of your clients' continued unlawful retention of Revlon Confidential Information, particularly since you told me verbally but now seem to be declining to confirm in writing that your clients do not have Revlon Confidential Information, I think you will have to seek additional time from the Court to respond to the complaint. Especially since you will not give us those assurances about retention of Revlon Confidential Information, we will need to ask the Court to allow us some expedited discovery and are likely to seek an early hearing on a preliminary injunction.

We are still willing to exchange contracts on the terms in item 3 if that is something your clients want to do. Please send along any comments to the draft protective order.

Best regards,

Michael

**Michael Dockterman**
Partner

**Steptoe**
Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>
**Sent:** Friday, September 6, 2024 2:27 PM
**To:** Dockterman, Michael <mdockterman@steptoe.com>
**Cc:** Echtman, Elyse <eechtman@steptoe.com>; Cotter, John J. <John.Cotter@klgates.com>; Love, Avril G.

3

<Avril.Love@klgates.com>
**Subject:** [EXTERNAL] Re: Revlon v GBB

Hi Michael,

Thank you for sending this. We are prepared to agree to item 3 in your list – an exchange of Revlon's and GBB's agreements as proposed, so please get back to us on that – but for the reasons we have discussed, we cannot agree at this time to items 1, 2, or 5 on your list. We have only known about these allegations for a week and are still investigating the facts. Please let us know if you would be willing to grant the extension noted in item 4 if we are able to agree only to the parties' exchange of agreements as noted in item 3. Otherwise, we will assume that we do not have any agreement as to an extension of the responsive pleading deadline and will have to proceed to seek relief with the Court.

Thank you,

Ronie M. Schmelz
(she/her)
Partner
K&L Gates
ronie.schmelz@klgates.com
O: 310.552.5002
M: 818.472.2331

> On Sep 6, 2024, at 9:29 AM, Dockterman, Michael <mdockterman@steptoe.com> wrote:
>
> Draft protective order attached.
>
> **From:** Dockterman, Michael
> **Sent:** Friday, September 6, 2024 10:59 AM
> **To:** Ronie M. Schmelz (Ronie.Schmelz@klgates.com) <Ronie.Schmelz@klgates.com>
> **Cc:** Echtman, Elyse <eechtman@steptoe.com>
> **Subject:** Revlon v GBB
>
> Ronie:
>
> I have discussed your requests for a copy of the Revlon-Britney Brands contract and for additional time to respond to the complaint with my clients, and I hope you have discussed with your clients my request for the return of all Revlon materials from your clients, as well as some expedited discovery about what the departed employees took and what the corporate defendants received. To move things forward in a more specific way, let me propose the following:

4

1. All defendants will return all Revlon Confidential Information they took or received, and will confirm (i) that there are no other copies pf the materials or locations where they may access the materials, and (ii) that none of the Confidential Information was shared with or placed on any GBB-related e-systems. The Confidential Information to be returned, as that term is described in the Revlon's complaint, is not limited to Confidential Information pertaining to Britney Brands and Britney Fragrances, but includes *all* Confidential Information.
2. Defendants will agree to forensic confirmation of their representations that they do not have Confidential Information.
3. Revlon and GBB will exchange copies of their respective contracts with Britney Brands, on a confidential attorneys' eyes only basis until an appropriate protective order has been entered. We will send a draft protective order over later today.
4. Defendants will have 21 days from today to respond to the complaint, or September 27, 2024.
5. Revlon may file a motion immediately seeking expedited discovery and reserves the right to seek a preliminary injunction prior to Defendants' responsive pleading date.

Your examination of the Revlon contract will allow you to confirm that the Britney Fragrance formulas belong to Revlon. As we discussed, and as the Revlon contract will confirm, your clients do not have the right to go to the fragrance houses and do not have the right to use Confidential Information to develop supply or distribution chains for the Britney Fragrances until January 1, 2025. Their outreach in violation of Revlon's rights, combined with the actions of the departed employees in violation of their obligations to Revlon, make this a very clear case for Revlon to obtain injunctive relief unless your clients agree to the return of the Confidential Information, agree not to use Confidential Information for the benefit of GBB, and provide appropriate safeguards to assure compliance with those obligations.

If your clients want to act earlier, they should make a proposal to that effect. Otherwise, they need to wait until Revlon's contract rights have expired.

I know that you are traveling but look forward to hearing from someone on your team.

Best regards,

Michael


**Michael Dockterman**
Partner


Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com |
www.steptoe.com  | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Ronie.Schmelz@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and

confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.