# Exhibit 2

| | |
|---|---|
| **From:** | Dockterman, Michael <mdockterman@steptoe.com> |
| **Sent:** | Wednesday, September 18, 2024 12:48 PM |
| **To:** | Cotter, John J. |
| **Cc:** | Schmelz, Ronie M.; Love, Avril G.; Echtman, Elyse; Keller, Gilana; McCarthy, Samantha |
| **Subject:** | RE: Revlon v GBB |

**This Message Is From an External Sender**
This message came from outside your organization.

John,

Revlon based its motion on solid forensic evidence and carefully did not overreach or make claims based on false assumptions and speculation. GBB's response has taken a "trust us" approach without any supporting facts from the information available to you. For example, you have taken possession of the former employees devices (including Ashley Fass's external hard drive), but you have not told us what you may or may not have found on those devices. You also have refused to produce the devices to us for a forensic examination to confirm GBB's representations. And, tellingly, you have not returned Revlon's information.

Beyond "trust us," the offer that you extended yesterday did not provide any meaningful protections for Revlon. My email explains why that is so. In response to your request for more detail:

**Walling-off** – Your team represented to us on September 10 that the former employees had already been walled-off of the Britney Brands account. But your email is inconsistent with that representation. Vanessa Kidd and Dominick Romeo *are not* walled off. All four former employees should be completely removed from any direct or indirect involvement in the Britney Brands fragrance business and any other fragrance business that they worked on at Revlon. Your representation about walling off also was prospective in nature, after you had weeks to garner Revlon information from the former employees. In order to have assurance that GBB is not using Revlon's Confidential Information, GBB must agree that it will not attempt to solicit the Juicy Couture fragrance business or any other Revlon / Elizabeth Arden fragrance licensor's business while this litigation moves forward, and must provide support establishing that Revlon information was not placed on any GBB systems.

**Return of Revlon's Confidential Information** – We appreciate the offer below concerning Revlon's information, but it relies entirely on defense counsel's assessment of what may or may not be confidential. Giving you all credit for good faith assessments, that "trust us" concept still does not protect our Revlon from mistaken determinations on confidentiality. To make this more concrete, as an initial step, we would accept an inventory of what defense counsel finds on its clients' devices and cloud storage repositories, along with counsel's sequestration of those materials, and you could provide the inventory to Plaintiffs to facilitate a meaningful conversation about the materials. Following the inventory, there is no reason to delay production of the devices and cloud storage for forensic examination so that we can be assured that everything has been identified and returned. Furthermore, if any Revlon information was placed on any GBB systems, there is no reason why it should remain on those systems. It should be removed and inventoried, including logging any access to the Revlon information by any Revlon employee.

**Communications with Fragrance Houses** – You have not committed GBB to cease demanding confidential information from Revlon's fragrance houses concerning fragrances produced for Plaintiffs. That includes formulas, ingredients and pricing, *whether applying to how they are currently sold or were previously sold*. Nor have you committed that GBB will not engage in similar demands for confidential information from Revlon's other business partners.

**Overall Commitment to Refrain from Using or Relying Upon Revlon's Confidential Information** – There must be consequences for your clients if they fail to abide by the representations. This could take the form of an undertaking from all Defendants that they will not use or rely upon Plaintiffs' confidential information in connection with GBB's business.

We look forward to hearing from you.

Best regards,

Michael

**Michael Dockterman**
Partner

Steptoe

Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Tuesday, September 17, 2024 3:10 PM
**To:** Dockterman, Michael <mdockterman@steptoe.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** [EXTERNAL] RE: Revlon v GBB

Michael: Revlon's preliminary injunction motion overreaches in seeking to get the whole case litigated immediately, based on false assumptions and speculation that we dispute. GBB has not used and will not use any Revlon information for any purpose, including in its negotiations with Britney Brands.

We recognize that the allegations cause Revlon to have concerns, and as you asked Defendants made a good faith offer that addresses those concerns. Indeed, we believe we agreed to all of the items that you asked for – walling off employees, return of any Revlon information, and avoiding Revlon information in the transition of the license. Specifically, we offered that (1) if any Defendant is in possession of Revlon information, it will be sequestered, returned, deleted, or destroyed according to an agreement that allows us to preserve evidence to litigate the case; (2) two of the individual Defendants do not work on the Britney Brands account at all and the other two – who manage several brands – will not have any direct contact with fragrance houses; and (3) GBB will not obtain or attempt to obtain formulas or information about the fragrance oil molecules of the Britney Brands fragrances as they are currently sold by Revlon.

This proposal was based on our discussions and understanding about Revlon's concerns. If our proposal fell short in some way, you could have simply provided more detail about what you wanted. We are certainly open to continue negotiating about how you think the individual Defendants are violating their post-employment obligations or what GBB's activities are with respect to the fragrance houses' pricing and supplies. You have asked us not to put any of the individual Defendants in a position where they can leverage their knowledge, even indirectly, of Revlon's Confidential Information, but we do not know what that means to you: Are you asking that they not work on certain projects? On specific brands?

I believe the parties might find a middle ground that protects Revlon's Confidential Information, but still allows GBB to conduct its business without placing a prior restraint on business discussions about future Britney Brands products. The Defendants remain willing to discuss Revlon's needs and try to come to an agreement, but we will need your input.

I look forward to your response to this compromise and to further discussions.

Thanks.

**K&L GATES**

**John J. Cotter**
K&L Gates LLP
One Congress Street, Suite 2900
Boston, MA  02114-2023
Office: 617.261.3178
Mobile: 617.240.9141
john.cotter@klgates.com
www.klgates.com

---

**From:** Dockterman, Michael <mdockterman@steptoe.com>
**Sent:** Monday, September 16, 2024 2:54 PM
**To:** Cotter, John J. <John.Cotter@klgates.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** RE: Revlon v GBB

John,

This proposal does not protect Revlon's Confidential Information or respect Revlon's ownership interests in that information. It also does not prevent the four employees from violating their post-employment obligations in multiple ways. And, as you know, it does not restrict GBB from engaging in impermissible activities with the fragrance houses.

There is no excuse for Defendants' refusal to return Revlon's information. There is no excuse for GBB to contact the fragrance houses about any existing formulas, pricing or supplies. There is no excuse for GBB to put the four employees in a position where they indirectly, let alone directly, can leverage their knowledge of Revlon's Confidential Information to compete unfairly with Revlon.

Until Defendants agree to return Revlon's information and to provide those assurances, it would not be accurate to represent to the Court, as your email proposes to do, that a stay would be appropriate while the parties continue to try to resolve the issues. We are just not close enough to stand down on our request for expedited discovery or to schedule a preliminary injunction hearing as soon as the discovery has been completed.

We would appreciate hearing from you on this today.

Best regards,

Michael

**Michael Dockterman**
Partner

**Steptoe**
Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Monday, September 16, 2024 8:37 AM
**To:** Dockterman, Michael <mdockterman@steptoe.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** [EXTERNAL] RE: Revlon v GBB

Michael:  As you requested in our last meet and confer a few days ago, following is GBB's proposal for an agreement with Revlon in the three boldfaced areas listed below.  In view of Revlon's motions, GBB is making this proposal in an effort to resolve the issues raised in the motions and eliminate the need for court intervention, and requests that Revlon suspend the expedited discovery motion while we try to finalize the agreement. If we cannot reach final agreement today, given the expedited motion schedule GBB plans to file by the close of business a letter seeking to stay while we continue to try to resolve the issues, so please contact me by 3 pm ET if you want to discuss the potential agreement.

GBB provides the following proposal without prejudice to any claims or defenses and without making any admissions, and the proposal is subject to Revlon agreeing that neither party will assert that an agreement based on this proposal constitutes a finding, order, injunction, or admission regarding any claim or defense.  The proposed terms are that in exchange for Revlon withdrawing its motions, GBB would do the following:

1. **Walling off employees**: GBB will represent that Ashley Fass and Reid Mulvihill do not presently and have not at any time worked on the Britney Brands account during their tenure at GBB. While Vanessa Kidd and Dominick Romeo both occupy marketing roles with oversight of a number of brands, including Britney Brands, GBB will agree that neither will have any direct contact with fragrance houses regarding the supply of fragrance for Britney Brands.

2. **Revlon confidential information**:  Without making any admissions regarding the allegations in the complaint, which counsel is still investigating, Defendants will agree that if any defendant is found to be in possession of what Defendants' counsel determines in good faith to be Revlon confidential information, such information will not be used for any purpose by GBB or any of its employees, and will be quarantined, returned to Revlon, or otherwise deleted by means to be agreed to by the parties that preserve the evidence and enables them to prosecute and defend this litigation.

3. **Transition work**: GBB will agree not to obtain or attempt to obtain the formulas or information about the fragrance oil molecules of the Britney Brands fragrances as they are currently sold by Revlon. However, GBB reserves its right to otherwise undertake communications with any fragrance house to enable GBB to start selling existing and future Britney Brands fragrances on 1/1/2025 pursuant to its agreement with Britney Brands, including obtaining material to conduct compatibility testing for new packaging.

Please review the proposed terms and let us know if Revlon approves or wishes to discuss them.

Separately, there are several GBB defendant entities that are unrelated to the claims in the Complaint and we ask that you agree to their dismissal.  They are GBB Americas LLC, which is a special purpose entity with no employees that only deals with a single brand in Canada and has no dealings with Britney Brands; GBB International LLC, another special purpose entity with no employees that only deals with a single brand and has no dealings with Britney Brands; and GBB Holding LTD, an inactive entity with no employees, 95% owned by Corrado Brondi and not controlled by any GBB entity.  Please let us know if Revlon agrees to dismissal of these three entities.

Thanks.

--John



**John J. Cotter**
K&L Gates LLP
One Congress Street, Suite 2900

Boston, MA 02114-2023
Office: 617.261.3178
Mobile: 617.240.9141
john.cotter@klgates.com
www.klgates.com

---

**From:** Dockterman, Michael <mdockterman@steptoe.com>
**Sent:** Sunday, September 15, 2024 11:01 AM
**To:** Cotter, John J. <John.Cotter@klgates.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** RE: Revlon v GBB

John,

On Friday morning, I sent you an email acknowledging yours that you were still planning to send us a proposal but noting that, as a protective matter, we would be filing a motion for expedited discovery and setting the table for a preliminary injunction hearing. As I said on Friday, if we can reach an agreement on the three items we have been discussing, we can advise the Court that a hearing on one or both of the motions is unnecessary.

We did not hear back from you on Friday and we still have not seen a proposal. Although we continue to prefer working this out consensually, time remains of the essence to any agreement.

There is a link to all of the documents, including the sealed documents, here. Please let us know if you have difficulty accessing them.

Best regards,

Michael

**Michael Dockterman**
Partner

**Steptoe**

Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Saturday, September 14, 2024 7:38 PM
**To:** Dockterman, Michael <mdockterman@steptoe.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** [EXTERNAL] RE: Revlon v GBB

Michael:

We were surprised that you filed your motions late Friday night/early this morning, as we believed we were engaging in good faith meet and confer efforts to resolve Revlon's concerns as discussed in detail on Wednesday. As part of that process, GBB had agreed to enter the proposed Protective Order as filed on Friday and to make a detailed proposal to address the issues you identified – restricting employees' access, restricting Revlon information, and addressing communication with fragrance houses. Rather than continue with the meet and confer process, however, Revlon obtained GBB's approval of the Protective Order and then prematurely filed the motions.

5

In addition, Revlon filed many of its motion papers under seal and did not provide us with outside counsel only copies of the sealed documents, notwithstanding our agreement to such a designation in the Protective Order, and thereby delaying our ability to respond.  Please provide us will copies of those sealed papers immediately.

Thanks.

--John



**John J. Cotter**
K&L Gates LLP
One Congress Street, Suite 2900
Boston, MA  02114-2023
Office: 617.261.3178
Mobile: 617.240.9141
john.cotter@klgates.com
www.klgates.com

---

**From:** Dockterman, Michael <mdockterman@steptoe.com>
**Sent:** Friday, September 13, 2024 10:28 AM
**To:** Cotter, John J. <John.Cotter@klgates.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse <eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** RE: Revlon v GBB

Thank you for your note, John.

We look forward to your written proposal. In the meantime, we likely will ask the Court for expedited discovery and set the table for preliminary injunctive relief. We would prefer to reach an agreement with you on these preliminary matters, and if your proposal obviates the need for either or both, we can stand down.

Michael

**Michael Dockterman**
Partner

**Steptoe**
Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com | www.steptoe.com | Steptoe Bio

---

**From:** Cotter, John J. <John.Cotter@klgates.com>
**Sent:** Wednesday, September 11, 2024 7:41 PM
**To:** Dockterman, Michael <mdockterman@steptoe.com>
**Cc:** Schmelz, Ronie M. <Ronie.Schmelz@klgates.com>; Love, Avril G. <Avril.Love@klgates.com>; Echtman, Elyse

<eechtman@steptoe.com>; Keller, Gilana <gkeller@steptoe.com>; McCarthy, Samantha <smccarthy@steptoe.com>
**Subject:** [EXTERNAL] Re: Revlon v GBB

Michael:  When your email arrived, we were already in the process of preparing a supplemental letter to the court, explaining that the parties had an additional meet and confer last night that was not reflected in last night's original letter and were continuing to discuss the potential for agreement relating to Revlon's demands. Last night's call was not about the extension of time, but in any case the different people involved in different locations on our end resulted in a disconnect. While today's court order granted the extension, we continue to work on a counterproposal along the lines discussed last night. I hope you will not let this issue impact our firms' relationship going forward in this case.

As discussed last night, we revised the Protective Order (which I am asking Avril to forward as I am not at a computer), and include additional revisions to address anticipated discovery concerns related to information that is housed in Europe and subject to European privacy laws and restrictions on transfer to the US. We also are awaiting word from Britney Brands that would allow us to share our agreement without breaching its confidentiality provision. We are working on a written proposal to address all three of Plaintiffs' requests, and we will forward that as soon as we are authorized to do so.

Thanks.  -- John

Sent from my iPhone

> On Sep 11, 2024, at 11:21 AM, Dockterman, Michael <mdockterman@steptoe.com> wrote:
>
> John and Avril,
>
> I was surprised to receive Ronie's letter to the Court last night after spending nearly an hour on Zoom with you exploring options for moving forward. You asked us to trust you and your clients to do the right thing with Revlon's Confidential Information, but the letter you filed with the Court says you were compelled to reject the very terms we were discussing with you in good faith, and on which we expected to receive a proposal today along with the signed protective order. It will be hard to explain to our clients why Ronie's letter failed to mention the September 10 meet-and-confer at all, let alone persuade our clients to trust any representations about protection of Revlon's Confidential Information.
>
> Even if you sent the letter as a protective matter, failing to mention the letter during our Zoom was not a good way to build trust in our discussions. Frankly, it was misleading to the Court for you to omit any mention of our most recent meet-and-confer in Ronie's letter, and leads me to wonder if we will receive a signed protective order today.
>
> The letter to the Court offers no assurances about walling-off the employees or ceasing unlawful contact with the fragrance houses about the makeup and constituents of Revlon's fragrance formulas. It also offers no assurances that you will promptly locate and return Revlon materials.  If the letter was sent prematurely, we would appreciate hearing that, and your side is certainly free to walk it back with the Court.  Otherwise, we will proceed with the understanding that your side is stalling while your clients continue to exploit information to which they have no right.
>
> We will take our future actions accordingly.

Regards,

Michael

**Michael Dockterman**
Partner

<image002.png>

Steptoe LLP | 227 West Monroe Street Suite 4700 | Chicago, IL 60606
+1 312 577 1243 direct | +1 312 515 6030 mobile | mdockterman@steptoe.com |
www.steptoe.com  | Steptoe Bio

This message and any attached documents contain information from the law firm Steptoe LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.