**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REVLON CONSUMER PRODUCTS LLC and ELIZABETH ARDEN, INC.<br><br>                Plaintiffs,<br><br>  -against-<br><br>GIVE BACK BEAUTY S.A., et al.,<br><br>                Defendants. | Case No. 1:24-cv-06438-ER-RWL |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION**
**<u>FOR EXPEDITED DISCOVERY</u>**

**TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 1

FACTS ........................................................................................................................................... 3

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

   I.   PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY SHOULD BE DENIED ....... 4

      A.   Plaintiffs' Demand for 72 Document Requests, 3 All-Encompassing 30(b)(6) Depositions, and 4 Individual Depositions is Wildly Overbroad ............................................. 4

      B.   Plaintiffs' claims of irreparable injury are speculative or otherwise unsupported by credible factual allegations. ....................................................................................................... 6

      C.   Plaintiffs have not shown the requisite likelihood of success on the merits. ................... 9

      D.   Plaintiffs' own delays demonstrate there is no need for urgent discovery, and discovery on an expedited basis implicates (and threatens violations of) international data privacy laws. ........................................................................................................................................ 10

CONCLUSION.............................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

Cases

*Andersen Consulting LLP v. Am. Mgmt. Sys., Inc.*,
No. 95 CIV. 5428 (KTD), 1995 WL 510042 (S.D.N.Y. Aug. 28, 1995) ........................................7

*AngioDynamics, Inc. v. Bailey*,
No. 1:22-CV-979, 2022 WL 19001481 (N.D.N.Y. Dec. 8, 2022) ..................................................3

*Attkisson v. Holder*,
113 F. Supp. 3d 156 (D.D.C. 2015) ..............................................................................................5

*Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*,
No. 21-CV-6865 (VSB), 2022 WL 2901403 (S.D.N.Y. July 22, 2022) ........................................3

*Lifeng Chen v. New Trend Apparel, Inc.*,
2012 WL 4784855 (S.D.N.Y. Oct. 2, 2012) ..................................................................................5

*Milk Studios, LLC v. Samsung Electronics Co., Ltd.*,
2015 WL 1402251 (S.D.N.Y. Mar. 26, 2015) ...............................................................................4

*N. Atl. Op. Co. v. Evergreen Distribs. LLC*,
293 F.R.D. 363 (E.D.N.Y. 2013) ..................................................................................................6

*Pearson Educ., Inc. v. Doe*,
2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012) ..................................................................................4

*Pietsch v. Marcantonio*,
2016 WL 1069656 (E.D.N.Y. Mar. 16, 2016) ...............................................................................2

*Poor v. Starbucks Corp.*,
2024 WL 3401421 (E.D.N.Y. July 12, 2024) ................................................................................3

*Sec. Investor Prot. v. Bernard L. Madoff Inv. Sec. LLC*,
590 B.R. 200 (Bankr. S.D.N.Y. 2018) ..........................................................................................3

*Shaughnessy v. Scotiabank*,
No. 22 CV 10870 (LAP), 2024 WL 1350083 (S.D.N.Y. Mar. 29, 2024) .................................6, 9

*Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*,
277 F. Supp. 3d 521 (S.D.N.Y. 2017) ...........................................................................................5

*Special Situations Cayman Fund, L.P. v. Dot Com Ent. Grp., Inc.*,
No. 03-CV-0811E(F), 2003 WL 23350128 (W.D.N.Y. Dec. 5, 2003) .........................................6

**Statutes**

Fed. R. Civ. P. 26(d) ........................................................................................................1

In accordance with Fed. R. Civ. P. 26(d), Defendants Give Back Beauty S.A., Give Back Beauty LLC, Give Back Beauty Americas LLC, Give Back Beauty International LLC and Give Back Beauty Holding LTD. (collectively, "GBB"), Vanessa Kidd, Dominick Romeo, Ashley Fass, and Reid Mulvihill (the "Individual Defendants," collectively with GBB, the "Defendants"), by and through undersigned counsel K&L Gates LLP, hereby submit this memorandum of law in opposition to Plaintiffs' Motion for Expedited Discovery.

## BACKGROUND

Plaintiffs' Revlon Consumer Products LLC and Elizabeth Arden LLC (collectively, "Revlon" or "Plaintiffs") Motion for expedited discovery shows that their true goal is to frustrate GBB's ability to satisfy its obligations under its deal with Britney Brands – business that Plaintiffs fairly lost long ago. Revlon claims that on the basis of a forensic examination that "has limits," it has provided evidence of an "egregious case of trade secret misappropriation," without identifying a single misappropriated trade secret. On that basis, Plaintiffs claim that they are not making "*a big ask of Defendants*." Dkt. 52-2, at 2 (emphasis added).

But an examination of Plaintiffs' papers quickly belies that assurance. What they are in fact asking the Court to approve is an astonishingly broad and nonstandard expedited discovery of a competitor. Plaintiffs here demand (1) **40** broad and sweeping document requests to the GBB Defendants (eight requests for five Defendants) – including "*forensic examination*" of GBB devices containing sensitive and privileged GBB information; examination of GBB's "*professional electronic devices, inclusive of cellphones, tablets, laptops, desktops and external hard drives*" (Dkt. 52-2, at 12-13); (2) **32** document requests to the Individual Defendants (eight requests for each of four Individual Defendants), including forensic examination of "*personal electronic devices*" containing similarly privileged information; (3) 30(b)(6) depositions on the

1

hopelessly vague and entirely improper topic of "***all matters addressed in Plaintiffs' First Request for the Production of Documents***" (*id.*, at 23); and (4) ***4*** additional individual depositions for each of the Individual Defendants (*id.*, at 24-31). Revlon expects that all of this will be conducted on an expedited basis without care or regard for the breadth of discovery Defendants will be required to address the broad, sweeping claims in Revlon's Complaint.

While expedited discovery can sometimes be appropriate, nothing justifies such extensive, intrusive, and, with respect to forensic examination, non-standard discovery at this stage. As an initial matter, because Revlon has made no showing of irreparable harm, let alone any irreparable harm in the absence of expedited discovery, its Motion for preliminary injunction is not viable**.** GBB's agreement with Britney Brands was memorialized on April 29, 2024 – before any of the alleged misappropriation of trade secrets occurred, and before any of the Individual Defendants joined GBB. The Defendants could not have made use of any supposed trade secrets to defeat Revlon in the marketplace.

Plaintiffs utterly fail to meet their burden of proving that their wide-ranging merits-related requests of a competitor in the marketplace are "reasonable under the circumstances." *See e.g., Pietsch v. Marcantonio*, 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) (*quoting N. Atl. Op. Co. v. Evergreen Distribs. LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013)). There is no legitimate basis for Revlon to demand, among other things, forensic inspections of GBB "professional electronic devices, inclusive of cellphones, tablets, laptops, desktops and external hard drives" (Dkt. 52-2, at 12-13), or "transition efforts" in connection with "planned commercialization of Britney-Spears branded fragrance products." *Id.*

Revlon's expedited discovery requests go far beyond any legitimate need to preserve the status quo in the matter, especially given the ***72*** document requests, ***3*** all-encompassing 30(b)(6)

2

depositions, and **4** individual depositions outside the normal course permitted by the Federal Rules. The Motion should be denied.

## FACTS

This Memorandum of Law incorporates by reference the facts as set forth in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (such motion, the "PI Motion") as well as the supporting Declarations of Corrado Brondi ("Brondi Decl."), Patrizio Stella ("Stella Decl.), Vanessa Kidd ("Kidd Decl."), Ashley Fass ("Fass Decl."), Reid Mulvihill ("Mulvihill Decl."), and Dominick Romeo ("Romeo Decl.") as if fully set forth herein.

## LEGAL STANDARD

Under the Federal Rules, "expedited discovery is not the norm." *Sec. Investor Prot. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). The Rules provide that "a party to a civil action may ***not*** seek discovery before the parties have conferred as required by Rule[ ] 26(f), except in certain limited categories of case[s] exempted from the initial disclosure rules or when authorized by Court order." *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 21-CV-6865 (VSB), 2022 WL 2901403, at *1 (S.D.N.Y. July 22, 2022) (emphasis added) (*quoting Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)). Expedited discovery is also inappropriate and should be rejected when the "burden or expense of the proposed discovery outweighs its likely benefit." *Poor v. Starbucks Corp.*, 2024 WL 3401421, at *7 (E.D.N.Y. July 12, 2024) (*citing* Fed. R. Civ. P. 26(b)(1)).

This district applies a combination of a multi-factor test resembling the criteria for a preliminary injunction (the "*Notaro* test") (*see e.g. AngioDynamics, Inc. v. Bailey*, No. 1:22-CV-979, 2022 WL 19001481, at *5 (N.D.N.Y. Dec. 8, 2022) (applying *Notaro* test, denying expedited

3

discovery)) and the similar "good cause" or "reasonableness" standard for expedited discovery whereby a party must show that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012); *see also Milk Studios, LLC v. Samsung Electronics Co., Ltd.*, 2015 WL 1402251, at *2 (S.D.N.Y. Mar. 26, 2015).

## ARGUMENT

### I.  PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY SHOULD BE DENIED

#### A.  Plaintiffs' Demand for 72 Document Requests, 3 All-Encompassing 30(b)(6) Depositions, and 4 Individual Depositions is Wildly Overbroad

Despite describing them as "not a big ask," (Dkt. 52-2 at 2), Plaintiffs' discovery requests are in fact extensive, extremely broad in scope and framing, and not proportional to the needs of this case. Revlon seeks seven depositions, including three 30(b)(6) depositions for which persons most knowledgeable will need to be identified and prepared based on documents that will have to be reviewed. By Plaintiffs' own recommended standard, their requests are patently unreasonable and should be rejected by this Court.

As noted above, Plaintiffs here demand (1) 40 document requests directed to the GBB Defendants (eight requests for each of five Defendants) – including "forensic examination" of GBB devices, containing GBB privileged information, consisting of "professional electronic devices, inclusive of cellphones, tablets, laptops, desktops and external hard drives" (Dkt. 52-2, at 12-13); (2) 32 document requests to the Individual Defendants (eight requests for each of four Individual Defendants), including forensic examination of "professional and personal electronic devices" containing similarly privileged information; (3) 30(b)(6) depositions on "all matters addressed in Plaintiffs' First Request for the Production of Documents" (*Id.* at 23); and (4) four additional individual depositions for each of the individual Individual Defendants. None of this is

tailored to maintaining the status quo between the parties or to their (nonviable) Motion for preliminary injunction. Plaintiffs offer no reason, for example, why – in a case where they claim entitlement to competitively sensitive information – they should be permitted to rifle through the electronic devices of a competitor. There is none: it is not appropriate to allow a litigant to inspect an adversary's electronic devices – **let alone** on an expedited basis – except in exceptional circumstances where there is "reason to believe that a litigant has tampered with the computer or hidden relevant materials despite demand for them in the course of the lawsuit or when the possession or use of the computer [was] an element of the parties' claims or defenses." *See Lifeng Chen v. New Trend Apparel, Inc.*, 2012 WL 4784855, at *1 (S.D.N.Y. Oct. 2, 2012) (denying request for forensic inspection).

Even setting aside those extraordinarily improper requests, Plaintiffs demand entitlement to **all** communications between GBB and the individual Defendants, **all** communications between GBB and Britney Brands, **all** internal GBB communications regarding transitioning Britney Brands, and **all** GBB communications with other prospective brand partners who have a current relationship with Plaintiffs – whether or not those communications have anything to do with Revlon or any of its purportedly confidential information. *See* Request Nos., 2-7, Dkt. No. 52-2. All of this discovery is highly prejudicial, and none in any way an appropriate subject of expedited discovery – which alone requires the Motion's denial. *See Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (denying plaintiff's discovery request because the "limited" discovery sought was "in fact quite broad" and would reveal as much about the merits of the claims as they would about their jurisdictional basis); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 163 (D.D.C. 2015) ("when a plaintiff's discovery requests would go to the heart of the case, such that they become discovery that seeks to prove an element of the plaintiffs'

5

case, a request for expedited discovery is inappropriate") (internal quotation marks, alterations and citation omitted); *see also N. Atl. Op. Co v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 371 (E.D.N.Y. 2013) (denying expedited discovery because it was "overbroad, overly burdensome and not reasonable under the circumstances.").

### B. Plaintiffs' claims of irreparable injury are speculative or otherwise unsupported by credible factual allegations.

Even were their requests not so plainly overbroad and improper, Plaintiffs' Motion for expedited discovery fails for the same reason as its Motion for preliminary injunction: Plaintiffs have not provided any threshold evidence of a threat of injury, let alone irreparable injury, to warrant expedited discovery. This simple fact is fatal to Plaintiffs' Motion under either the *Notaro* test or the "good cause"/reasonableness standard. *See Special Situations Cayman Fund, L.P. v. Dot Com Ent. Grp., Inc.*, No. 03-CV-0811E(F), 2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003) (denying motions for expedited discovery and preliminary injunction.); *Shaughnessy v. Scotiabank*, No. 22 CV 10870 (LAP), 2024 WL 1350083, at *14 (S.D.N.Y. Mar. 29, 2024) (applying hybrid *Notaro*/reasonableness inquiry and denying motion for expedited discovery).

Both the *Notaro* test and "flexible standard of reasonableness and good cause" require the movant to show the need for discovery to be expedited to avoid injury. That is especially true in cases such as this one, where Plaintiffs seek to use the expedited discovery in support of their Motion for a preliminary injunction. *See Special Situations Cayman Fund, L.P.*, 2003 WL 23350128, at *1 (denying Motion for expedited discovery and preliminary injunction, noting that irreparable injury is a critical factor under the "good cause" standard where Plaintiffs seek expedited discovery in the aid of a preliminary injunction) ("[I]f this Court were to apply the "good cause" standard, ***plaintiffs would nonetheless ultimately have to demonstrate that they will suffer***

6

***irreparable injury*** inasmuch as they are seeking expedited discovery in aid of a preliminary injunction hearing.") (emphasis added).

Here, Plaintiffs have barely alleged, let alone established, the irreparable injury they are supposedly at imminent risk of suffering to establish good cause for expedited discovery. *See Andersen Consulting LLP v. Am. Mgmt. Sys., Inc.*, No. 95 CIV. 5428 (KTD), 1995 WL 510042, at *4 (S.D.N.Y. Aug. 28, 1995) (denying motion for expedited discovery in trade secrets case where movant failed to demonstrate irreparable injury).

Instead, Plaintiffs make speculative claims that they might suffer a competitive injury, unless they are able to discover the scope of the alleged misappropriation and use of their trade secrets. *See, e.g.*, Cornock Decl., Dkt. 44 ¶ 24 ("***Should a competitor gain access*** to Revlon's fragrance business plans, marketing strategy, financial constructs and/or contractual relationships, it risks grave harm to Revlon's competitive standing in the fragrance field[.]" and "[A] competitor that has improper access to Revlon's confidential and proprietary information would have the opportunity to duplicate Revlon's efficiencies, cost structures, and go-to market strategies." (emphasis added)). Yet Plaintiffs have not alleged any facts that substantiate their claim that GBB or anyone else is disseminating or using Plaintiffs' trade secrets. For example, Revlon's Chief Strategy Officer Will Cornock speculates that a competitor with "improper access" to Revlon's confidential information would seize on the "opportunity" to duplicate Revlon's work. Cornock further speculates that such a competitor would "potentially have" the benefit of Revlon's investment in market research, and "might" harness for its own business with the "opportunity" to undercut and poach Revlon's relationships. *See* Cornock Decl., Dkt. 44 ¶ 24. This kind of unsupported conjecture pervades Plaintiffs' pleadings and cannot suffice to demonstrate a need for expedited discovery.

For example, Document Requests 2 through 5 are aimed at discovering evidence of wrongdoing in GBB's completed negotiations with Britney Brands, for which there is neither evidence of harm nor urgency for discovery. Document Requests 4 through 7 are aimed at discovering how and when GBB intends to source fragrance. Yet Plaintiffs do not have exclusive relationships with the fragrance houses, do not allege that GBB has or is using any fragrance information (███████████████), and have in fact asserted that they have contracts in place with their fragrance supplier(s) to protect the confidentiality of their trade secrets.

Furthermore, as discussed above and more fully in Defendants' Memorandum of Law In Opposition to Motion for Preliminary Injunction, this information is irrelevant in light of the fact that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Although Defendants have no intention of re-using the fragrance formulas, a fact that they have repeatedly made clear to Plaintiffs, Britney Brands would be within its rights ███████████████ ████████████████████

Plaintiffs' argument overreaches even their own expert's findings, from whom it is clear there is no evidence that Defendants Romeo or Mulvihill misappropriated any information such that they should be subjected to expedited discovery. Plaintiffs' forensic expert, after analyzing the laptops of Defendants Romeo and Mulvihill, engages in unsupported speculation about what these Individual Defendants *might have done* based on the contents of their computer. *See e.g.,* Racich Decl., ¶ 22 (noting that Mulvihill "deleted browsing history and accessed numerous Revlon documents" prior to his departure, "**providing the opportunity** to print and/or copy through other means other than the data that was reviewed." (emphasis added); ¶ 23 (apparently concluding that

Mulvihill uploaded documents to Google Drive based on the simple fact that he accessed it, despite being "unable to identify which documents were placed or viewed" there). For these reasons, Plaintiffs have not shown a credible threat of any irreparable injury and their Motion should be rejected.

### C. Plaintiffs have not shown the requisite likelihood of success on the merits.

As part of both the "good cause" and *Notaro* analyses for expedited discovery, Plaintiffs must show a probability of success on the merits. *Notaro*; *see also Shaughnessy*, 2024 WL 1350083, at *14. As described more fully in Defendants' Opposition to Plaintiffs' PI Motion, Plaintiffs have failed to do so for a number of reasons, including:

1) Plaintiffs have failed to adequately identify *any* information that is protectable as a trade secret under the DTSA or New York common law, either because the information is already publicly available or because Plaintiffs have failed to describe such purported trade secrets with requisite specificity.

2) Plaintiffs have failed to allege their purported trade secret information has independent economic value derived from secrecy as required to state a claim under the DTSA, and Plaintiffs have separately failed to allege reasonable measures to protect their purported trade secrets as required under the DTSA.

3) Plaintiffs have failed to allege actual misappropriation, including failing to credibly allege actual use of their purported trade secrets as required to state a claim under New York common law.

4) To the extent they even address the other claims (which the PI Motion mostly ignores) Plaintiffs have failed to allege facts demonstrating that any of the Individual Defendants breached any contract with Revlon, that any of the Individual Defendants breached any fiduciary duties

9

allegedly owed to Revlon, or that any of the Defendants (including GBB) tortiously interfered with any of Revlon's existing contracts or any alleged prospective economic advantage.

For these reasons as well, Plaintiffs' request for expedited discovery should be rejected.

**D.      Plaintiffs' own delays demonstrate there is no need for urgent discovery, and discovery on an expedited basis implicates (and threatens violations of) international data privacy laws.**

There is no urgency to the discovery Plaintiffs request. Plaintiffs chide that Defendants "have known about Plaintiff's request for expedited discovery since at least September 6, 2024." (Discovery Motion, § B(3)). Yet they have had notice of the facts they allege for far longer than that. They failed to communicate any concerns to GBB, even during discussions with GBB about transitioning Britney Brands. They likewise have no basis to claim they have made "diligent efforts" to discover what information was allegedly misappropriated and mitigate any potential harm.

To briefly recap the timeline of events, the four Individual Defendants departed from Revlon at various points in May of 2024, allegedly taking confidential information with them. Plaintiffs had Defendants' laptops in their possession as of the date of each of their respective departures. Plaintiffs did not hire their supposed expert until sometime in July 2024, who performed an analysis at some unknown time, the results of which Plaintiffs were provided at some other (also unknown time) in August. Plaintiffs' delays here belie their professed need for expedited discovery and should be rejected.

Finally, expedited discovery also raises considerable issues with international data privacy protections. The prejudice and burdens inherent in Defendants having to respond to expedited discovery as requested by Plaintiffs—all within ten days—is not "minimal." Providing the extent of the materials Plaintiffs are seeking at the pace that they require threatens to compromise personal information of the Individual Defendants that may be among materials on their computers

10

or other data storage devices. It risks the inadvertent production of privileged and personal information of European employees who enjoy broad rights under the General Data Protection Regulation ("GDPR"). The parties have already agreed that such personal information can be redacted to avoid illegal data transfers to the United States and that neither party will have any discovery obligations that require them to violate any law. *See* Stipulated Protective Order, § 5, Dkt. 39. Plaintiffs' requests and its unreasonable timeline for compliance creates a needless risk of violating these international data privacy protections and should be rejected for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (1) deny Plaintiffs' Motion for expedited discovery and (2) grant any such other relief as the Court deems just and necessary.

Dated:     New York, New York
           September 20, 2024

                                        Respectfully submitted,

                                        K&L GATES LLP

                                        By: /s/ Ronie M Schmelz
                                        Ronie M. Schmelz
                                        John J. Cotter

                                        10100 Santa Monica Blvd., 8th Floor
                                        Los Angeles, California 90067
                                        Telephone: (212) 536-4891
                                        Email: ronie.schmelz@klgates.com

                                        1 Congress Street, Suite 2900
                                        Boston, MA 02114
                                        Telephone: (617) 261-3100
                                        Email: john.cotter@klgates.com

                                        *Counsel for Defendants*