# K&L GATES

September 25, 2024

Ronie M. Schmelz
Partner
Ronie.Schmelz@klgates.com

T +1 310 552 5002
F +1 310 552 5001

**VIA ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Revlon Consumer Products LLC et al. v. Give Back Beauty S.A. et al.,*
Case No. 1:24-cv-6438 – Letter-Motion to Strike New Evidence Submitted on Reply by Plaintiffs

Dear Judge Ramos:

Defendants respectfully request that the Court strike new evidence submitted by Plaintiffs in support of their Reply in Support of Plaintiffs' Motion for Preliminary Injunction ("Reply"). Any such evidence should have been submitted along with Plaintiffs' Motion for Preliminary Injunction ("Motion").

Recognizing – as Defendants have made clear – that they have failed to meet their burden on their motions for a preliminary injunction and for expedited discovery, Plaintiffs submit a supplemental declaration of J. Christopher Racich, and a declaration from a new witness, Linda King, with entirely new evidence—that Ms. Kidd created a folder on Revlon's servers earlier on May 3, 2024 than previously stated by Mr. Racich.

Plaintiffs' assertion that the new evidence is responsive to Ms. Kidd's declaration is unpersuasive, and Plaintiffs offer no explanation as to why they had not provided this evidence to the Court upon the filing of their Motion. The submission of new evidence in reply is plainly improper: Defendants respectfully request that the Court strike the new evidence and arguments submitted by Plaintiffs on reply.

K&L GATES LLP
10100 SANTA MONICA BOULEVARD   EIGHTH FLOOR   LOS ANGELES   CA 90067
T +1 310 552 5000  F +1 310 552 5001  klgates.com

1

**I.    Background**

<u>Supplemental Declaration of J. Christopher Racich ("Racich Supp. Decl.")</u>

Aware that Plaintiffs lack evidence of misappropriation, Mr. Racich submits a supplemental declaration that appears to either conduct or introduce, both of which are improper, additional forensic data regarding Ms. Kidd's data usage.

<u>Declaration of Linda King</u>

Again showing the deficiencies in their motion, Plaintiffs also submit a purported declaration from an entirely new witness with entirely new evidence—that Ms. Kidd created a folder on Revlon's servers earlier in the day. Declaration of Linda King ("King Decl."), ¶¶ 5–7.

Linda King states that she "understand[s] that Ms. Kidd states that the activity that Revlon's computer forensics expert detected on her laptop hard drive between 9:45 p.m. on May 3 and 12:15 a.m. on May 4 reflects her transfer of files from her laptop to Revlon's servers." *Id.* ¶ 5.

King then attempts to adduce new evidence—that Ms. Kidd created a folder on Revlon's shared drive and that the subfolders were modified between 4:28 p.m. to 12:17 a.m. on May 3 – 4. *Id.* at ¶ 7. King submits a screenshot of the folder's properties, which show that the folder's size is 37.2 gigabytes. *Id.* at Ex. B.

**II.    Plaintiffs' New Evidence Should Not Be Considered for Purposes of the Pending Motions.**

   **A. Revlon's submission of new evidence on reply is plainly improper.**

Putting aside that none of what Revlon purports to submit changes the reality that Revlon has put forth nothing but conjecture supporting its motions, "it is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010); *see also Peralta v. CB Hospitality and Events, LLC*, No. 22-cv-10805 (GHW) (BCM), 2024 WL 916523, at *5–6 (S.D.N.Y. Mar. 4, 2024) (Moses, M.J.) (disregarding new facts where plaintiffs offered no explanation as to their addition of the facts for the first time on reply); *Fed. Trade Commission v. RCG Advances, LLC*, 695 F. Sup. 3d 368, 394–95 (S.D.N.Y. 2023) (declining to consider new evidence and arguments submitted with reply brief where argument was not "simply a response to issues raised in [the] opposition" but constituted an "entirely new argument").

Indeed, this is precisely the situation confronted by the court in *Paz Systems, Inc. v. Dakota Grp. Corp.* 2006 WL 8430241 (June 16, 2006), *report and recommendation adopted Aug. 7, 2006*. In evaluating defendants' motion to strike, the court stated:

> "In other words, plaintiff, having provided insufficient evidence to support its motion for an injunction in its moving papers, would like to, on reply, submit the very evidence it withheld to rebut defendants' argument that there is no evidence to support granting injunctive relief. The court finds that such a procedure turns the entire briefing process on its head."

*Id.* at *3–4.

Thus, the *Paz Systems* court granted the motion to strike because "plaintiff was in possession of its evidence and simply chose not to use it to support its motion for the extraordinary relief of a preliminary injunction." *Id.* at *4.

Here, Plaintiffs have offered no explanation as to their withholding of the evidence until the submission of the reply.[1] None exists. Instead, Plaintiffs have attempted to supplement and explain the poorly written initial Racich declaration, **which does not address the creation of the folder from which Ms. Kidd purportedly access files**. Because Plaintiffs have not, and cannot, offer any explanation as to their omission of this new piece of evidence, the Supplemental Racich Declaration and King Declaration, as well as the portions of Plaintiffs' Reply relying on the declarations, should be stricken.

### B. Defendants have been afforded no opportunity to respond to the new evidence.

The impropriety of Plaintiffs' submission of new evidence on reply is exacerbated by the timing of Plaintiffs' Reply. **Hours before the hearing**, Plaintiffs filed two new declarations with new evidence, and Plaintiffs' Reply relies on the new evidence. *See* Reply at 2–3.

"[C]ourts do not allow the movant to have the final word when raising new arguments or evidence in reply papers." *Id.* at *4. Courts frequently grant motions to strike or exercise their discretion to reject new evidence on reply where the non-moving party has not been (and cannot be) afforded an opportunity to respond. *E.g.*, *Landau v. New Horizon Partners, Inc.*, No. 02-cv-6802 (JGK), 2003 WL 22097989, at *10 (S.D.N.Y. Sept. 8, 2003) (stating argument raised for the first time in reply papers "may not be consider for the purposes of this motion because the plaintiff had no opportunity to respond to such arguments"); *Mack v. Hall*, 2020 WL 5793438, at *6 (N.D.N.Y. July 27, 2020) (citation omitted) (rejecting affidavit with new evidence submitted on reply where plaintiff "was not provided with an opportunity to respond to the evidence in a sur-reply").

Here, Defendants have not been afforded an opportunity to respond to this evidence.[2] Thus, the Court should exercise its discretion to strike the new evidence and arguments.

Defendants are filing this letter motion without seeking a pre-motion conference pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules & Practices, as there is insufficient time to seek a pre-motion conference prior to the hearing on Plaintiffs' Motions.

---

[1] Plaintiffs claim that this evidence rebuts Ms. Kidd's assertion that she transferred files to secure Revlon's confidential information. Reply at 2–3. But this evidence does no such thing. To the contrary, the new explanation that the documents Ms. Kidd purportedly opened were contained in the May 3, 2024 folder is consistent with Ms. Kidd's explanation that she transferred files to the server over the course of several hours that night. It does not take an expert to realize that a 37 GB folder would not transfer immediately and could take hours, upon which the folders' last modified date would reflect the date the folders were transferred.

[2] Given the purported urgency of Plaintiffs request for a preliminary injunction, Plaintiffs surely would not agree to a continuance of the hearing or an extension of time for Defendants to file a sur-reply.

Respectfully submitted,

/s/ Ronie M. Schmelz

Ronie M. Schmelz
Partner

4