Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

October 17, 2024

**Via ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Revlon Consumer Products LLC, et al. v Give Back Beauty S.A., et al.,*
         Case No. 1:24-cv-06438-ER-RWL – Request for Pre-Motion Conference

Dear Judge Ramos:

We represent Plaintiffs Revlon Consumer Products LLC ("Revlon") and Elizabeth Arden, Inc. ("Elizabeth Arden") in this action alleging, *inter alia*, Defendants' misappropriation of Plaintiffs' trade secrets. In accordance with Your Honor's Individual Rule 2.A.i and Local Civil Rule 37.2, we hereby request a pre-motion discovery conference for clarification of this Court's order granting Plaintiffs certain expedited discovery. The parties have a disagreement on the scope of the Court's order. The parties met and conferred on these issues by email and on a Zoom call. They are at an impasse in their relative understandings of the Court's intent. The relevant portion of the September 25, 2024 transcript is attached hereto.

Plaintiffs understood that this Court granted expedited discovery on three topics: (1) the information the individual defendants shared with GBB while they were employed by Revlon; (2) the information, including documents, that the individual defendants saw or took with them after their employment with Revlon; and (3) the individual defendants' use of any of Revlon's information in connection with their duties at GBB. With that in mind, on September 27, 2024, Plaintiffs served targeted document requests and interrogatories, as well as deposition notices.

In responding to the written discovery requests, Defendants have taken the position that document discovery is limited to topic (2), and that topics (1) and (3) apply *only* for purposes of the expedited depositions of the individual defendants. Defendants refuse to produce documents on topics (1) and (3) and refuse to answer interrogatories.

Hon. Edgardo Ramos
October 17, 2024
Page 2

It is Plaintiffs' view that the Court did not intend to have the depositions cover broader subject matter than the document requests. As a general rule, depositions are taken with the benefit of a document production on the relevant subject matter. It would be inefficient and impractical for Plaintiffs to examine the individual defendants without the benefit of responsive documents on *all* expedited discovery topics. Among other things, it would deprive Plaintiffs of the opportunity to confront witnesses with documents that might contradict their version of events. Plaintiffs should not be limited to the individual defendants' "say-so" on topics (1) and (3). Plaintiffs also believe that targeted interrogatories on the approved topics answered expeditiously which will help streamline the depositions. Plaintiffs did not understand the Court to have limited the written discovery devices that Plaintiffs might use.

In issuing its ruling on expedited discovery, the Court stated, as an initial matter, "plaintiffs should be able to determine *as quickly as possible* what exactly the individual defendants took with them, saw after they completed their employment with Revlon." Tr. at 94 (emphasis added). The Court also stated, "This discovery should be limited generally to what information, including documents, the individual defendants took with them." *Id.* Both sides asked questions for clarity on the scope of discovery. Counsel for Plaintiffs asked whether Plaintiffs may "also have information on what [the individual defendants] shared with GBB before they left." *Id.* at 95. The Court agreed that Plaintiffs "can ask about that." *Id.* Counsel for Defendants asked whether depositions would be limited to "what information they took with them or saw since they left Revlon." *Id.* at 94. In response to that clarifying question, the Court added "[a]nd to the extent that they used any of that information in connection with their duties at GBB." *Id.* at 95. While Defendants' clarifying question focused on depositions, Plaintiffs' clarifying question about the scope of discovery into what the individual defendants shared with GBB was not limited to depositions. It would not be logical to exclude documents from Plaintiffs' expedited discovery inquiry into Defendants' "use" of information taken from Revlon and shared with GBB.

For these reasons, Plaintiffs seek the Court's guidance on the scope of the expedited written discovery. We look forward to addressing these issues with the Court at its earliest convenience.

Plaintiffs otherwise reserve the right to raise challenges to Defendants' document productions on topic (2), after such productions are made. To date, Defendants have not produced *any* documents. The individual defendants currently estimate that their production will begin next week. With respect to depositions, Plaintiffs agreed that the dates set forth in the deposition notices served on September 27 are placeholder dates. Plaintiffs asked that the individual defendants propose alternate dates that work for them. Despite repeated prodding, the individual defendants have not proffered *any* deposition dates.

Respectfully submitted,

*s/ Elyse D. Echtman*

Elyse D. Echtman
*Counsel for Plaintiffs*

Attachment

O9PMREVH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

REVLON CONSUMER PRODUCTS LLC
and ELIZABETH ARDEN, INC.,

              Plaintiffs,

          v.                       24 CV 6438 (ER)

GIVE BACK BEAUTY S.A., *et al.*,

              Defendants.        Hearing
------------------------------x
                                  New York, N.Y.
                                  September 25, 2024
                                  2:30 p.m.

Before:

                    HON. EDGARDO RAMOS,

                                  District Judge


                      APPEARANCES

STEPTOE LLP
     Attorneys for Plaintiffs
BY:  ELYSE D. ECHTMAN
     GILANA KELLER

K&L GATES LLP
     Attorneys for Defendants
BY:  RONIE M. SCHMELZ
     AVRIL LOVE
     RYAN Q. KEECH
     JOHN J. COTTER
     -and-
BLANK ROME LLP
BY:  ANDREW T. HAMBLETON


Also Present:  David Schwartz

O9PMREV3

1    interest, I think that both of those issues are neutral as

2    between the parties.

3         With respect to the motion to expedite discovery, as I

4    indicated, I will allow expedited discovery to take place.  The

5    discovery should be limited generally to what information,

6    including documents, the individual defendants took with them.

7         I think that the deposition of the individual

8    defendants is appropriate on an expedited basis.  To the extent

9    that the parties are unable to agree on that limited scope of

10   discovery, you are welcome to come back.  But, again,

11   plaintiffs should be able to determine as quickly as possible

12   what exactly the four individual defendants took with them, saw

13   after they completed their employment with Revlon, and we will

14   take it from there.

15        MS. SCHMELZ:  One clarification, your Honor.

16        Just a point of clarification.  With regard to the

17   expedited discovery, it's focused on what did the individual

18   defendants take with them.

19        THE COURT:  Yes.

20        MS. SCHMELZ:  And whether any of those documents, if

21   we have them, to return them.

22        THE COURT:  Yes.

23        MS. SCHMELZ:  Furthermore, that the depositions of the

24   four individuals will be limited to what information they took

25   with them or saw since they left Revlon, is that correct?

O9PMREV3

| | |
|---|---|
| 1 | THE COURT:  And to the extent that they used any of |
| 2 | that information in connection with their duties at GBB. |
| 3 | MS. SCHMELZ:  Very good.  I just wanted to clarify, |
| 4 | that's the limited scope of the depositions. |
| 5 | THE COURT:  Correct. |
| 6 | MS. SCHMELZ:  Thank you, your Honor. |
| 7 | THE COURT:  Ms. Echtman. |
| 8 | MS. ECHTMAN:  Your Honor, may we also have information |
| 9 | on what they shared with GBB before they left.  This particular |
| 10 | motion was not focused on the tortious interference with the |
| 11 | Britney Brands agreement.  That is part of the complaint in |
| 12 | this action.  We know, based on Mr. Racich's investigation, |
| 13 | that things were taken and retained after the employees left, |
| 14 | but we also believe that information was provided to GBB before |
| 15 | they left. |
| 16 | THE COURT:  Yes, you can ask about that, to the extent |
| 17 | that they provided any trade secret information to GBB before |
| 18 | they were made the offer. |
| 19 | MS. ECHTMAN:  Thank you. |
| 20 | MS. SCHMELZ:  Thank you, your Honor, for the |
| 21 | clarification. |
| 22 | THE COURT:  With that, I think, we are adjourned. |
| 23 | Ms. Schmelz. |
| 24 | MS. SCHMELZ:  Thank you very much, your Honor.  We |
| 25 | appreciate the time and the effort, and, amazingly, how much |