**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

REVLON CONSUMER PRODUCTS
LLC and ELIZABETH ARDEN, INC.,

                    Plaintiffs,

     v.

GIVE BACK BEAUTY S.A., GIVE BACK
BEAUTY, LLC, GIVE BACK BEAUTY
AMERICAS LLC, GIVE BACK BEAUTY
INTERNATIONAL LLC, GIVE BACK BEAUTY
HOLDING LTD., VANESSA KIDD, DOMINICK
ROMEO, REID MULVIHILL, and ASHLEY FASS,

                    Defendants.

Case No.:

1:24-cv-06438-ER-RWL

**GIVE BACK BEAUTY
DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT**

**JURY TRIAL DEMANDED**

       Defendants Give Back Beauty S.A., Give Back Beauty, LLC, Give Back Beauty Americas, LLC, Give Back Beauty International LLC, and Give Back Beauty Holding Ltd. (collectively, the "GBB Defendants"), by and through their undersigned attorneys, Blank Rome LLP, hereby answer the Complaint of Plaintiffs Revlon Consumer Products LLC and Elizabeth Arden, Inc. (collectively, "Plaintiffs" or "Revlon"), as follows:

<u>**INTRODUCTION**</u>

       1.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, on that basis, deny them.

       2.     The GBB Defendants admit that Plaintiffs and Britney Brands renewed their relationship at five-year intervals. The characterization of certain information as trade secrets and confidential in Paragraph 2 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 2 of the Complaint constitute confidential or proprietary information or otherwise

qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and, on that basis, deny them.

3.      The characterization of certain information as trade secrets and confidential in Paragraph 3 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 3 of the Complaint constitute confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and, on that basis, deny them.

4.      The GBB Defendants admit that there is "a great deal of competition in the fragrance business." The characterization of certain information as trade secrets and confidential in Paragraph 4 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 4 of the Complaint constitute confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis, deny them.

5.      The GBB Defendants deny the allegation in Paragraph 5 of the Complaint that the Individual Defendants shared Revlon information with the GBB Defendants in connection with the GBB Defendants winning the Britney Brands fragrance business. The GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of GBB's pending negotiations with Britney

Brands.  Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants told Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024.  Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands.  Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and, on that basis, deny them.

6.      The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and, on that basis, deny them, except the GBB Defendants admit only that the Individual Defendants each left Revlon and began employment at GBB in May and June 2024.

7.      The GBB Defendants deny that Defendant Kidd "armed" the GBB Defendants with Revlon information in order to help the GBB Defendants win the Britney Brands fragrance business, pirate the Revlon fragrance team, or rapidly recreate Revlon's supply and distribution chains as alleged in Paragraph 7 of the Complaint.  By way of further answer, the GBB Defendants aver that the GBB Defendants had been confidentially interviewing several candidates from many different companies in the fragrance industry through a third-party recruiting company as part of the transfer of its Lifestyle fragrance division from Europe to New York.  Although the GBB

3

Defendants' recruiter interviewed candidates from a variety of companies, Revlon's employees were the ones who expressed the highest interest in the opportunities offered by the GBB Defendants. Moreover, during the interview and hiring process with the GBB Defendants, the GBB Defendants did not inform Defendant Kidd that they were negotiating with Britney Brands, and she had no involvement in negotiating the Binding Term Sheet. In fact, the GBB Defendants did not tell Defendant Kidd of the GBB Defendants' Binding Term Sheet with Britney Brands until April 30, 2024—which was after it was signed on April 29, 2024, but before the first claimed misappropriation happened on May 3, 2024. None of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of remaining allegations in Paragraph 7 of the Complaint, and on that basis, deny them.

8.      The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 8 of the Complaint, and on that basis, deny them. By way of further answer, the GBB Defendants aver that they did not contact Defendant Romeo about potential employment with the GBB Defendants until after Defendant Kidd had the discussion with Britney Brands while at Revlon regarding Defendant Romeo that is referenced in Paragraph 8 of the Complaint.

9.    The GBB Defendants admit that Defendant Romeo ultimately became employed by the GBB Defendants.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis, deny them.

10.    The GBB Defendants admit that Defendants Mulvihill and Fass also departed Revlon and began employment with the GBB Defendants.  By way of further answer, the GBB Defendants aver that the GBB Defendants did not inform Defendant Kidd of the GBB Defendants' Binding Term Sheet with Britney Brands until April 30, 2024, which was after it was signed on April 29, 2024, but before the first claimed misappropriation happened on May 3, 2024.  Because the GBB Defendants did not inform Defendant Kidd about the Binding Term Sheet with Britney Brands until April 30, 2024, which was after each of the other Individual Defendants had been in contact with the GBB Defendants about possible employment, Defendant Kidd could not have recruited the other Individual Defendants for purposes of working on the Britney Brands fragrance business as Paragraph 10 of the Complaint alleges.  The allegation in Paragraph 10 of the Complaint that the Individual Defendants violated their employment agreements calls for a legal conclusion to which no response is required. The characterization of certain information as trade secrets and confidential in Paragraph 10 of the Complaint calls for a legal conclusion to which no response is required.  The GBB Defendants deny that the broad categories of information identified in Paragraph 10 of the Complaint constitute confidential or proprietary information or otherwise qualify for trade secret protection.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and on that basis, deny them.

11.    The GBB Defendants deny that "[a]s part of GBB's campaign to obtain the Britney Brands fragrance business, GBB misrepresented to the Britney Brands team in mid-April 2024 that it had already hired or was in the process of hiring the head of Revlon's fragrance business and her entire team (notwithstanding that only Kidd had given notice to Revlon)." The GBB Defendants deny engaging in any unlawful or improper activity in winning the Britney Brands fragrance business from Revlon. Rather, the GBB Defendants won the Britney Brands fragrance business from Revlon through legitimate and lawful means. The GBB Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.    The GBB Defendants deny the allegations in Paragraph 12 of the Complaint.

13.    The GBB Defendants deny the allegations in Paragraph 13 of the Complaint. By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of GBB's pending negotiations with Britney Brands. Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants informed Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

14.    The GBB Defendants deny the allegations in Paragraph 14 of the Complaint.  By way of further answer, the GBB Defendants aver that Defendant Kidd had no role or involvement in negotiating the Britney Brands Binding Term Sheet with the GBB Defendants.  Indeed, the GBB Defendants informed Defendant Kidd that the GBB Defendants reached a deal for the Britney Brands fragrance business only after GBB had signed its Binding Term Sheet with Britney Brands.  Thus, Defendant Kidd was not—and could not have been—a so-called "double-agent" as alleged in Paragraph 14 of the Complaint.

15.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, deny them.

16.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, deny them.

17.    The GBB Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    The GBB Defendants deny the allegations in Paragraph 18 of the Complaint, except admit that the GBB Defendants have contacted the most relevant fragrance house for Britney Spears perfumes used by Revlon in connection with the Britney Brands fragrance business, pursuant to letters of authorization signed by Britney Brands.  The GBB Defendants expressly deny that they have requested or are seeking any confidential or proprietary information of Revlon's from that fragrance house.

19.    The allegations in Paragraph 19 of the Complaint regarding Revlon's claims, relief requested, and alleged damages in this action call for legal conclusions to which no response is required. The GBB Defendants deny any wrongdoing in winning the Britney Brands fragrance business from Revlon or that Revlon is entitled to any relief whatsoever.  By way of further answer, the GBB Defendants aver that they won the lucrative Britney Brands fragrance business from

Revlon through legitimate and lawful competition. Unable to accept that fact, Revlon resorts to bringing this action for the sole purpose of impeding the GBB Defendants' efforts as the new licensee taking over the Britney Spears fragrance business to leverage a hefty "transition fee" to compensate for the loss of the Britney Spears business. The GBB Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

### THE PARTIES

20. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, deny them.

21. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, deny them.

22. The GBB Defendants admit the allegations in Paragraph 22 of the Complaint.

23. The GBB Defendants admit the allegations in Paragraph 23 of the Complaint.

24. The GBB Defendants admit the allegations in Paragraph 24 of the Complaint.

25. The GBB Defendants admit the allegations in Paragraph 25 of the Complaint.

26. The GBB Defendants admit the allegations in Paragraph 26 of the Complaint.

27. The GBB Defendants deny the allegations in Paragraph 27 of the Complaint, except admit only that Corrado Brondi is a citizen of Italy, the founder and chairman of Give Back Beauty group, that he has done business with Revlon in Europe, and that he previously worked for Bain & Company and Goldman Sachs.

28. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, deny them, except the GBB Defendants admit only that Defendant Kidd is currently employed by one of more of the GBB Defendants.

29.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, deny them, except the GBB Defendants admit only that Defendant Romeo is currently employed by one or more of the GBB Defendants.

30.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, deny them, except the GBB Defendants admit only that Defendant Romeo is currently employed by one or more of the GBB Defendants.

31.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, deny them, except the GBB Defendants admit only that Defendant Fass is currently employed by one or more of the GBB Defendants.

## JURISDICTION AND VENUE

32.     Paragraph 32 of the Complaint is a legal conclusion to which no response is required.

33.     Paragraph 33 of the Complaint is a legal conclusion to which no response is required.

34.     Paragraph 34 of the Complaint is a legal conclusion to which no response is required.

## STATEMENT OF FACTS

35.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis, deny them, except the GBB Defendants admit only that Plaintiffs and Britney Brands had a relationship to

collaborate for the Britney Spears fragrance line and that the Britney Spears fragrance line is a popular and successful global brand.

36.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced licensing agreement between Elizabeth Arden and Britney Brands for its complete and accurate terms.

37.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis, deny them.

38.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis, deny them.

39.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced licensing agreement between Elizabeth Arden and Britney Brands for its complete and accurate terms.

40.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on that basis, deny them.

41.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced "Extension and Amendment to License Agreement" between Elizabeth Arden and Britney Brands for its complete and accurate terms.

42.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis, deny them.

43.     The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 43 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 43 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and on that basis, deny them.

44.     The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 44 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 44 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and on that basis, deny them.

45.     The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 45 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 45 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and on that basis, deny them.

46.     The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 46 of the Complaint calls for a legal conclusion to which no response is

required. The GBB Defendants deny that the broad categories of information identified in Paragraph 46 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, and on that basis, deny them.

47.    The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 47 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 47 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and on that basis, deny them.

48.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis, deny them.

49.    The GBB Defendants refer the Court to the referenced employment agreements in Paragraph 49 of the Complaint for their complete and accurate terms. The GBB Defendants deny any characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 49 of the Complaint as such characterization calls for a legal conclusion. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint, and on that basis, deny them.

50.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

51.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

52.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

53.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

54.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreements for their complete and accurate terms.

55.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

56.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis, deny them. The

GBB Defendants also refer the Court to the referenced employment agreements for their complete and accurate terms.

57.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreements for their complete and accurate terms.

58.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the referenced employment agreement for its complete and accurate terms.

59.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis, deny them.

60.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis, deny them.

61.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 61 of the Complaint, and on that basis, deny them.

62.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis, deny them.

63.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis, deny them.

64.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and on that basis, deny them.

65.     The GBB Defendants deny propagating any rumor with Britney Brands or anyone associated with Britney Brands that Revlon was discussing a potential transaction with GBB that could negatively impact Revlon's fragrance business as alleged in Paragraph 65 of the Complaint. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint, and on that basis, deny them.

66.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis, deny them.

67.     The GBB Defendants deny propagating any rumor with Britney Brands or anyone associated with Britney Brands that Revlon was discussing a potential transaction with GBB that could negatively impact Revlon's fragrance business or that Revlon was otherwise discontinuing its fragrance business as alleged in Paragraph 67 of the Complaint. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth the remaining allegations in Paragraph 67 of the Complaint, and on that basis, deny them. The GBB Defendants also refer the Court to the letter of resignation referenced in Paragraph 67 of the Complaint for its complete and accurate terms.

68.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and on that basis, deny them.

69.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and on that basis, deny them.

70.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and on that basis, deny them.

71.     The GBB Defendant lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis, deny them. By

way of further answer, the GBB Defendants aver that during the interview and hiring process with the GBB Defendants, the GBB Defendants did not inform Defendant Kidd that the GBB Defendants were negotiating with Britney Brands, and she had no involvement in negotiating the Binding Term Sheet.   In fact, the GBB Defendants did inform Defendant Kidd of the GBB Defendants' Binding Term Sheet with Britney Brands until April 30, 2024—which after it was signed on April 29, 2024.

72.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint as to whether Defendant Kidd told Ms. Golden that she signed a non-disclosure agreement, and on that basis, deny them. The GBB Defendants deny the remaining allegations in Paragraph 72 of the Complaint.   By way of further answer, the GBB Defendants aver that during the interview and hiring process with the GBB Defendants, the GBB Defendants did not inform Defendant Kidd that the GBB Defendants were negotiating with Britney Brands, and she had no involvement in negotiating the Binding Term Sheet.   In fact, the GBB Defendants did not inform Defendant Kidd of the GBB Defendants' Binding Term Sheet with Britney Brands until April 30, 2024—which after it was signed on April 29, 2024.

73.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis, deny them.

74.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and on that basis, deny them.

75.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and on that basis, deny them.

76.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and on that basis, deny them.

77.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and on that basis, deny them.

78.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis, deny them.

79.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and on that basis, deny them.

80.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis, deny them.

81.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis, deny them.

82.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis, deny them.

83.     The allegation in Paragraph 83 of the Complaint that Britney Brands' signing the contract extension with Revlon was a "ministerial formality" is a legal conclusion to which no response is required.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 83 of the Complaint, and on that basis, deny them.

84.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis, deny them.

85.     The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 85 of the Complaint calls for a legal conclusion to which no response is

required. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint, and on that basis, deny them.

86.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and on that basis, deny them.

87.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis, deny them.

88.    The characterization of certain information as trade secrets, confidential and/or proprietary in Paragraph 88 of the Complaint calls for a legal conclusion to which no response is required.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint, and on that basis, deny them.

89.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and on that basis, deny them.

90.    The GBB Defendants admit the allegations in Paragraph 90.

91.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and on that basis, deny them.

92.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and on that basis, deny them.

93.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and on that basis, deny them.

94.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94 of the Complaint, and on that basis, deny them.

95.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint, and on that basis, deny them.

96.     The GBB Defendants admit only that a GBB entity entered into a Binding Term Sheet with Britney Brands for fragrances bearing the Britney Brands trademarks, effective January 1, 2025, and that the GBB Defendants contacted the most relevant fragrance house for Britney Spears perfumes used by Revlon in connection with the Britney Brands fragrance business, pursuant to letters of authorization signed by Britney Brands.  The GBB Defendants deny any characterization or actual allegation in Paragraph 96 of the Complaint that the GBB Defendants engaged in any improper or unlawful actions related to the transition of the business from Revlon to the GBB Defendants.  The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Complaint, and on that basis, deny them.

97.     The GBB Defendants deny the allegations in Paragraph 97 of the Complaint.  By way of further answer, the GBB Defendants aver that the GBB Defendants had been confidentially interviewing several candidates from many different companies in the fragrance industry through a third-party recruiting company as part of the transfer of its Lifestyle fragrance division from Europe to New York.  On March 11, 2024, Defendant Kidd was independently contacted by the GBB Defendants' recruiting company, which did not disclose the GBB Defendants' identity until Defendant Kidd signed a non-disclosure agreement on or after March 15, 2024.  Although the GBB Defendants' recruiter interviewed candidates from a variety of companies, Revlon's employees were the ones who expressed the highest interest in the opportunities offered by the GBB Defendants.  Following meetings with the GBB Defendants on March 21, 2024, March 29, 2024, and April 1, 2024, Defendant Kidd received an employment offer from the GBB Defendants

on April 4, 2024. During the interview and hiring process with the GBB Defendants, the GBB Defendants did not inform Defendant Kidd that the GBB Defendants were negotiating with Britney Brands, and she had no involvement in negotiating the Binding Term Sheet. In fact, the GBB Defendants did not inform Defendant Kidd of the GBB Defendants' Binding Term Sheet with Britney Brands until April 30, 2024—which was after it was signed on April 29, 2024, but before the first claimed misappropriation happened on May 3, 2024. None of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

98.     The GBB Defendants deny the allegations in Paragraph 98 of the Complaint that Plaintiffs' trade secret information was disclosed to the GBB Defendants or that the GBB Defendants used any Revlon trade secret or confidential information in their discussions with Britney Brands. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Complaint, and on that basis, deny them. The characterization of certain information as trade secrets and confidential in Paragraph 98 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 98 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for

trade secret protection.  By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands.  Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before Defendant Kidd was informed by the GBB Defendants that the GBB Defendants were even looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024.  Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands.  Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

99.    The GBB Defendants deny the allegations in Paragraph 99 of the Complaint, except admit only that Defendant Kidd discussed with the GBB Defendants the reasons she was interested in a new position, but deny that she stated that "Revlon was not committed to its fragrance business."  The characterization of certain information as trade secrets and confidential in Paragraph 99 of the Complaint calls for a legal conclusion to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 99 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection. By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney

Brands.  Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants informed Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024.  Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands.  Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

100.    The GBB Defendants deny the allegations in Paragraph 100 of the Complaint.  By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands.  Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants informed Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024.  Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands.  Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.   The characterization

of certain information as trade secrets and confidential in Paragraph 100 of the Complaint calls for a legal conclusion to which no response is required. The GBB defendants deny that the broad categories of information identified in Paragraph 100 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for trade secret protection.

101.    The GBB Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    The GBB Defendants admit only that Defendant Fass met with Jordi Agusti and Corrado Brondi during the interview process with the GBB Defendants and that she drafted a thank you note to Mr. Brondi. The GBB Defendants deny that Mr. Brondi enticed Defendant Fass to bring any Revlon information with her or to solicit any other Revlon employees to leave Revlon. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint, and on that basis, deny them. By way of further answer, Defendant Fass was interviewing and was hired for the role Vice President, Marketing Tommy Hilfger. She was not hired for, and does not work on, Britney Brands.

103.    The GBB Defendants admit that Defendant Fass met with Gianni Pieraccioni during the interview process with the GBB Defendants and drafted a thank you note after her interview. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint, and on that basis, deny them.

104.    The GBB Defendants admit the allegations in Paragraph 104 of the Complaint, but expressly deny that Defendants Romeo or Mulvihill were enticed or instructed by the GBB Defendants or anyone associated with the GBB Defendants to take Revlon trade secrets or confidential information or to entice other Revlon employees to leave Revlon.

105.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and on that basis, deny them. By

way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands. Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants informed Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

106. The GBB Defendants deny the allegations in Paragraph 106 of the Complaint, except admit that part of Defendant Kidd's responsibilities with the GBB Defendants includes some aspect of business development and origination of new brands. By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of GBB's pending negotiations with Britney Brands. Moreover, the GBB Defendants signed the Binding Term Sheet with Britney Brands on April 29, 2024, which was before the GBB Defendants informed Defendant Kidd that the GBB Defendants were looking to do business with Britney Brands, and before the first alleged misappropriation happened on May 3, 2024. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney

Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition resulting from numerous discussions between the GBB Defendants and Britney Brands since the fall of 2023 when Britney Brands asked the GBB Defendants to submit a proposal for the fragrance license.

107. The GBB Defendants admit only that Defendant Kidd executed a non-disclosure agreement in connection with her prospective employment with the GBB Defendants. The GBB Defendants refer the Court to the non-disclosure agreement referenced in Paragraph 107 of the Complaint for its complete and accurate terms. The GBB Defendants deny the remaining allegations in Paragraph 107 of the Complaint.

108. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and on that basis, deny them. By way of further answer, the GBB Defendants aver that they did not contact Defendant Romeo about potential employment with the GBB Defendants until after Defendant Kidd April 17, 2024 discussion with Britney Brands regarding Defendant Romeo, while she was still at Revlon.

109. The GBB Defendants deny the allegations in Paragraph 109 of the Complaint. By way of further answer, the GBB Defendants aver that none of the Individual Defendants were involved in, shared any Revlon trade secrets or confidential information for, or were even aware of the GBB Defendants' pending negotiations with Britney Brands. Corrado Brondi, the Chairman and Founder of Give Back Beauty group, did not possess or use any of Plaintiffs' trade secrets or confidential information to negotiate the GBB Defendants' Binding Term Sheet with Britney Brands. Rather, the GBB Defendants won the Britney Brands fragrance business through legitimate and lawful competition. Indeed, Mr. Brondi first met representatives of Ms. Spears in 2019, and thereafter looked for opportunities to work with Britney Brands. The GBB Defendants

approached Epic Rights, a merchandising and branding company acquired by Universal Music Group's Bravado in 2019, which works with a diverse group of iconic artists, including Ms. Spears, regarding partnering with Britney Brands. On March, 29 2022, the GBB Defendants contacted Epic Rights regarding partnering with Britney Brands. Upon learning of Revlon's bankruptcy on June 15, 2022, the GBB Defendants contacted Epic Rights again to discuss a Britney Brands license. After further follow-up by the GBB Defendants, on November 8, 2023, Epic Rights indicated that Ms. Spears' team was reviewing its current fragrance and beauty partner strategy, and asked the GBB Defendants for a proposal. Mr. Brondi continued negotiating with several Britney Brands representatives, culminating in the GBB Defendants signing a Binding Term Sheet with Britney Brands on April 29, 2024 – a date *before* any alleged misappropriation of trade secrets by any of the Individual Defendants. Defendant Kidd was informed about this contract only on April 30, 2024.

110.    The GBB Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    The GBB Defendants deny the allegations in Paragraph 110 of the Complaint.

112.    The GBB Defendants deny the allegations in Paragraph 112 of the Complaint.

## CAUSES OF ACTION

### COUNT I
**(Trade Secret Misappropriation Against All Defendants)**

113.    The GBB Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114.    Paragraph 114 of the Complaint contains legal conclusions, including the characterization of certain information as trade secrets, to which no response is required. The GBB Defendants deny that the broad categories of information identified in Paragraph 114 of the Complaint constitute Revlon's confidential or proprietary information or otherwise qualify for

trade secret protection. The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 114 of the Complaint, and on that basis, deny them.

115.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and on that basis, deny them.

116.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and on that basis, deny them.

117.    The GBB Defendants deny the allegations in Paragraph 117 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations as to the Individual Defendants, and on that basis, deny them.

118.    The GBB Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    The GBB defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and on that basis, deny them.

120.    The GBB Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    The GBB Defendants deny the allegations in Paragraph 121 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

122.    The GBB Defendants deny the allegations in Paragraph 122 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

123.    The GBB Defendants deny the allegations in Paragraph 123 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

124.    The GBB Defendants deny the allegations in Paragraph 124 of the Complaint as to themselves, and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

125.    The GBB Defendants admit only that Plaintiffs are purporting to seek the relief identified in Paragraph 125 of the Complaint, but expressly deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever.  The GBB Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126.    The GBB Defendants admit only that Plaintiffs are purporting to seek the relief identified in Paragraph 126 of the Complaint, but expressly deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever. The GBB Defendants deny the remaining allegations in Paragraph 126 of the Complaint.

## COUNT II
**(Tortious Interference with Prospective Economic Advantage Against All Defendants)**

127.    The GBB Defendants repeat and reallege their response to the allegations in Paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint, and on that basis, deny them.

129.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, and on that basis, deny them.

130.    The GBB Defendants admit they were generally aware of a business relationship between Plaintiffs and Britney Brands but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Complaint, and on that basis, deny them.

131.     The GBB Defendants deny the allegations in Paragraph 131 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

132.     The GBB Defendants deny the allegations in Paragraph 132 of the Complaint as to themselves, and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

133.     The GBB Defendants deny the allegations in Paragraph 133 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants, and on that basis, deny them.

134.     The GBB Defendants deny the allegations in Paragraph 134 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the other Defendants, and on that basis, deny them.

135.     The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint, and on that basis, deny them.

136.     Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 137 of the Complaint as to themselves and lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Individual Defendants or Britney Brands, and on that basis, deny them.

138.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138, and on that basis, deny them.

139.    Paragraph 139 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 139 of the Complaint or any relief whatsoever.  The GBB Defendants deny the remaining allegations in Paragraph 139 of the Complaint.

<u>**COUNT III**</u>
**(Breach of Contract Against Defendants Kidd, Romeo and Fass)**

140.    The GBB Defendants repeat and reallege their response to the allegations in Paragraphs 1 through 139 of the Complaint as if fully set forth herein.

141.    Paragraph 141 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

142.    Paragraph 142 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

143.    Paragraph 143 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

144.    Paragraph 144 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

145.    Paragraph 145 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

146.    Paragraph 146 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

147.    Paragraph 147 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

148.    Paragraph 148 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

149.    Paragraph 149 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

150.    Paragraph 150 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

151.    Paragraph 151 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

152.    Paragraph 152 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

153.    Paragraph 153 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

154.    Paragraph 154 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

155.    Paragraph 155 of the Complaint contains no allegations asserted against the GBB Defendants, and thus no response is required but the extent a response is required, the allegations are denied.

156.    Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 156 of the Complaint or any relief whatsoever.  The GBB Defendants deny the remaining allegations in Paragraph 156 of the Complaint.

157.    Paragraph 157 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 157 of the Complaint or any relief whatsoever. The GBB Defendants deny the remaining allegations in Paragraph 157 of the Complaint.

### <u>COUNT IV</u>
### (Breach of the Duty of Loyalty Against All Defendants)

158.    The GBB Defendants repeat and reallege their response to the allegations in Paragraphs 1 through 157 of the Complaint as if fully set forth herein.

159.    Paragraph 159 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    Paragraph 160 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Paragraph 161 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Paragraph 162 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint, and on that basis, deny them.

164.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint, and on that basis, deny them.

165.    The GBB Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint, and on that basis, deny them.

167.    Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    The GBB Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint, and on that basis, deny them. The GBB Defendants deny that Trade Secret information was shared with them.

169.    Paragraph 169 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 169 of the Complaint.

170.    Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 170 of the Complaint or any relief whatsoever.  The GBB Defendants deny the remaining allegations in Paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 171 of the Complaint or any relief whatsoever.  The GBB Defendants deny the remaining allegations in Paragraph 171 of the Complaint.

<u>**COUNT V**</u>
**(Tortious Interference with Contract Against GBB)**

172.    The GBB Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 171 of the Complaint as if fully set forth herein.

173.    The GBB Defendants admit that Defendants Kidd, Romeo, and Fass had employment agreements with Revlon.

174.   The GBB Defendants admit that they were aware that Defendants Kidd, Romeo and Fass had employment agreements with Revlon.

175.   The GBB Defendants deny the allegations in Paragraph 175 of the Complaint.

176.   The GBB Defendants deny the allegations in Paragraph 176 of the Complaint.

177.   The GBB Defendants deny the allegations in Paragraph 177 of the Complaint.

178.   The GBB Defendants deny the allegations in Paragraph 178 of the Complaint.

179.   The GBB Defendants deny the allegations in Paragraph 179 of the Complaint.

180.   The GBB Defendants deny the allegations in Paragraph 180 of the Complaint.

181.   Paragraph 181 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny the allegations in Paragraph 181 of the Complaint and deny that Plaintiffs are entitled to any relief whatsoever.

182.   Paragraph 182 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the GBB Defendants deny that Plaintiffs are entitled to the relief they seek in Paragraph 182 of the Complaint or any relief whatsoever. The GBB Defendants deny the remaining allegations in Paragraph 182 of the Complaint.

## PRAYER FOR RELIEF

Revlon's Prayer for Relief incorporates Revlon's requested relief for each Count and requests additional relief, to which no response is required. To the extent a response is required, the GBB Defendants deny all allegations made therein and deny that Plaintiffs are entitled to any of the relief they seek or any relief whatsoever.

## JURY DEMAND

The GBB Defendants hereby request a trial by jury on all issues triable by jury, including factual issues that might form the basis for requested equitable relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that the GBB Defendants would not otherwise have under applicable law, the GBB Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Plaintiffs' fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the terms of the GBB-Britney Brands Binding Term Sheet and the distribution and supply chain information, if any, utilized by the GBB Defendants in connection with that agreement was independently developed by the GBB Defendants and is the result of the GBB Defendants' own years of experience and expertise in the fragrance industry.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the information that Plaintiffs' claim is a trade secret is not a trade secret or confidential and is readily ascertainable in the fragrance industry and the product formulae and any such Plaintiff-alleged trade secret can be reversed-engineered.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the information that Plaintiffs' claim is a trade secret was not protected as such by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as to the GBB Defendants because to the extent that Plaintiffs suffered any damages, those damages were caused by third parties and not the GBB Defendants.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as to the GBB Defendants because to the extent that Plaintiffs suffered any damages, Plaintiffs failed to take any steps to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain their claims because they are estopped from advancing claims that their prior actions contradict.

## EIGHTH AFFIRMATIVE DEFENSE

Any trade secret or confidential information misappropriation was the result of the independent actions of individuals and was not pursuant to any instructions or directions by GBB or with the knowledge of GBB.

## RESERVATION OF RIGHTS

The GBB Defendants reserve the right to amend their Answer, affirmative defenses, and all other pleadings, and to assert additional defenses that may become known through further investigation and discovery.

Dated: New York, New York
      October 30, 2024

                **BLANK ROME LLP**

                By: _/s/ Samuel D. Levy_
                    Samuel D. Levy
                    Andrew T. Hambelton
                    Aubre G. Dean
                    1271 Avenue of the Americas
                    New York, NY 10020
                    Tel. (212) 885-5000

                *Attorneys for Defendants Give Back Beauty S.A., Give Back Beauty, LLC, Give Back Beauty Americas, LLC, Give Back Beauty International LLC, and Give Back Beauty Holding Ltd.*